**Lonnie WARDEN, Appellant,**

**v.**

**William C. HOLMAN, Acting Warden of Kilby Prison, State of Alabama, Appellee.**

**No. 21201.**

United States Court of Appeals
Fifth Circuit.
April 16, 1964.

Lonnie Warden, pro se.

Richmond M. Flowers, Atty. Gen. of Alabama, David W. Clark, Asst. Atty. Gen., of Alabama, Montgomery, Ala., for appellee.

Before MARIS,* GEWIN and BELL, Circuit Judges.

PER CURIAM:

After a full plenary hearing in the United States District Court for the Middle District of Alabama, the appellant, Warden, complains of the order of the District Court denying his petition for writ of habeas corpus. Upon the plenary hearing in the United States District Court at which the appellant, pursuant to his request, was actively and competently represented by counsel, the appellant made four contentions with respect to his trial in the State Court wherein he was convicted and sentenced to life imprisonment to the penitentiary of the State of Alabama for the offense of carnal knowledge of a girl under twelve years of age, a capital offense. Such contentions may be summarized as follows: (1) denial of the right to subpoena witnesses in the State Court trial; (2) denial of the right to adequate and effective defense counsel; (3) failure to properly and timely advise the appellant concerning the nature of the charge against him and a refusal to grant him a reasonable opportunity to prepare his defense prior to the time of trial; and (4) an abridgment of the appellant's constitutional rights by the use of a coerced confession.

The case was carefully and meticulously heard in the United States District Court, including pretrial hearings, and a full plenary hearing upon the pleadings, oral testimony of several witnesses, and affidavits presented pursuant to a stipulation by the attorneys in the case, wherein all the facts with respect to appellant's contentions were fully developed. In addition to the case immediately under consideration, the defendant was charged and convicted of five other, separate but similar offenses for which he was given life imprisonment sentences.

The District Court concluded that the appellant entered a plea of guilty in the case under consideration pursuant to an understanding and agreement reached between the parties through their respective counsel, with the approval of the immediate members of appellant's family and with a thorough understanding and agreement on the part of appellant individually, intelligently made by him with full and complete knowledge and understanding as to the nature of the charges against him and the nature of the proceedings that were taking place. The Court further concluded that no request for witnesses was made at the State trial; that adequate time and a reasonable opportunity to prepare his defense was afforded the appellant; that no confession was extracted from the appellant through any unconstitutional means; and that the plea of guilty was not entered by reason of any confession. The Court also concluded,

"Considering and appraising the totality of the facts, there is nothing in this case that is 'offensive to the common and fundamental ideas of fairness' within the meaning of Betts v. Brady, 316 U.S. 455, [62 S. Ct. 1252, 86 L.Ed. 1595,] and there was no denial of fundamental fairness within the meaning of Powell v. Alabama, 287 U.S. 45, [53 S.Ct. 55, 77 L.Ed. 158,] and Johnson v. Zerbst, 304 U.S. 458, [58 S.Ct. 1019, 82 L. Ed. 1461,] or any of the other cases

---

* Of the Third Circuit, sitting by designation.

of the Supreme Court of the United States relating to substantial justice and fundamental fairness in the prosecution of defendants in the Courts of the various States of this country."

We have no difficulty in concluding that all of the rights of the defendant have been carefully preserved, fairly and accurately considered, and that his contentions are wholly without merit. The judgment is affirmed.