John F. MANNING, Petitioner,

v.

Robert JONES, Superintendent, Polk
Youth Center, Respondent.

No. 74–155–HC.

United States District Court,
E. D. North Carolina,
Raleigh Division.

Oct. 30, 1974.

John F. Manning, pro se.

Robert Morgan, Atty. Gen. of N. C. by Richard N. League, Asst. Atty. Gen., Raleigh, N. C., for respondent.

## MEMORANDUM OPINION and ORDER

LARKINS, District Judge:

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254, in which petitioner John F. Manning, presently incarcerated at the Polk Youth Center, Raleigh, North Carolina, claims that he is being detained in violation of his rights under the Constitution of the United States.

Petitioner, having entered a plea of guilty to the offence of felonious breaking and entering and the misdemeanor offence of larceny which are violations of the North Carolina General Statutes, was sentenced the 26th day of January, 1973 to be imprisoned for a maximum of five years in the custody of the Commissioner of Correction as a "committed youthful offender" for treatment and supervision pursuant to North Carolina General Statutes Ch. 148, Article 3. The five year sentence was credited with the petitioner's 90 day confinement pending trial.

Petitioner asserts here that he was held under excessive bond; that he was subjected to an illegal search and seizure; that promises were made in exchange for his plea of guilty; that he did not receive a fair trial because of public opinion; that he was subjected to cruel and unusual punishment during his confinement pending trial; that he was not informed of his rights according to Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 for a period of 24 to 36 hours after his arrest; that he was told by his court-appointed counsel that he had to testify; that the Columbus County Superior Court did not dismiss the case against him; that he was not tried for the same crime for which he was indicted; that no arrest warrant was presented to him for a week following his arrest and he was not allowed to retain a copy thereof; that he was allowed no telephone calls; that he was denied a speedy trial; that there are material variances between his warrant, indictment and commitment because of various name spellings; and, that the arrest warrant was not genuine.

The petitioner filed a petition in the General Court of Justice, Superior Court Division of Columbus County, North Carolina, for a post-conviction hearing pursuant to the "North Carolina Post-Conviction Hearing Act," North Carolina General Statutes Secs. 15–217 through 15–222 (1965). The concise grounds alleged in support of the petition filed in the State Court were that he was held under excessive bond, that his plea of guilty was coerced in some way by his attorney and that he did not receive a fair trial because of public opinion. These three assertions are only three out of fourteen contentions presented here for the first time by the petitioner in this application for federal habeas corpus.

The District Court of the United States, having jurisdiction in a habeas corpus proceeding in which the petitioner asserts that certain rights have been abridged which he possesses under the Constitution of the United States, need not exercise such jurisdiction and will not ordinarily do so until all available state remedies have been exhausted. The State and Federal

courts have concurrent jurisdiction in collateral proceedings seeking vindication of Federal constitutional rights. It is recognized that Federal courts are not required to abstain or decline to exercise jurisdiction simply because the rights asserted may be adjudicated in the State courts; however, comity requires that the Federal courts recognize the primary responsibility of the State courts to correct their own errors of constitutional magnitude. Tyler v. Croom, 288 F. Supp. 870 (E.D.N.C.1968).

█ █ Failure by a defendant to appeal or to petition the State appellate court for certiorari within the respective time limits set by the State law is not a failure to exhaust "the remedies available in the courts of the State" as required by 28 U.S.C. Sec. 2254; that requirement refers only to a failure to exhaust State remedies still open to the applicant at the time he files his application for habeas corpus in this court. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). The applicant before this court has previously asserted in the North Carolina post-conviction hearing only three of the fourteen claims he presents here in this application for Federal habeas corpus. As to the three claims presented in the post-conviction hearing, he failed to petition the appellate courts of North Carolina for a writ of certiorari within 60 days after such hearing as required by North Carolina General Statutes Sec. 15–222; therefore, as to those three claims he has no available State remedy at this time. Thus, petitioner's claims of excessive bond pending trial, that his plea of guilty was coerced in some way by his attorney and that he did not receive a fair trial because of public opinion, each having been asserted in the post-conviction hearing afforded to him in the State court, are properly before this court.

█ The remaining eleven allegations asserted by the petitioner in his application for Federal habeas corpus, not having been asserted in the appropriate State proceeding of a post-conviction hearing, are not now properly before

this court in view of the fact that the applicant presently has a remedy available to him in the courts of the State of North Carolina. This remedy, which is presently available to the applicant, is the North Carolina Act, Article 22 of Chapter 15 of the General Statutes, entitled "Review of Criminal Trials." N.C. Gen.Stat. Secs. 15–217 through 15–222 (1965). The act is popularly known as the "North Carolina Post-Conviction Hearing Act." The Act provides that ". . . claims . . . not raised or set forth in the original or any amended petition shall be deemed waived, unless the court, upon consideration of a subsequent petition, finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately asserted in the original or amended petition." N.C.Gen.Stat. Sec. 15–218.

It is the opinion of this court that the petitioner must present each of his contentions raised in his application for Federal habeas corpus in a post-conviction hearing following the appropriate State procedure under the "North Carolina Post-Conviction Hearing Act" before such contention may be raised properly before this United States District Court. If it were otherwise, a State prisoner would be required only to raise one or two of his claims under the outlined State procedures and then, by contending that he has exhausted his available State remedies, bring the mass of his claims before the United States District Court in an application for Federal habeas corpus, as in the instant case.

The instant case is distinguishable from the case of Stem v. Turner, 370 F. 2d 895 (4th Cir. 1966). In the *Stem* decision it was found that the United States District Judge concluded that all of the petitioner's claims had been formally raised in the State court proceedings. The Court of Appeals for the Fourth Circuit reversed the District Court on the lower court's ruling that since the petitioner had failed to prove the claims in the State post-conviction hearing, the State remedy remained

open. This is not the situation in the case before the court at this time. In the instant action the petitioner has failed either inadvertently or deliberately to present the mass of his claims in the State post-conviction hearing. The Supreme Court of the United States has held "that the federal habeas judge may in his discretion deny relief to an applicant who has deliberately by-passed the orderly procedure of the state courts and in so doing has forfeited his state court remedies," Fay v. Noia, supra, 372 U.S. at 438, 83 S.Ct. at 849, 9 L.Ed.2d at 869.

Therefore, as to those remaining eleven claims raised in the petitioner's application for Federal habeas corpus, which were not presented by the petitioner in his post-conviction hearing in the State court, they are not now properly before this court. Petitioner has failed to exhaust the remedies available to him in the courts of the State of North Carolina as is required by 28 U.S.C. Sec. 2254.

The issue now before this court is whether, from the examination of the petitioner's three claims which he presented in the post-conviction hearing in the State courts and from the examination of the various State court records, he is entitled to a hearing on his application for a writ of habeas corpus. It is the opinion of this court that he is not.

■■ Petitioner's first claim is that his constitutional rights were violated by his being held under an excessive bail while awaiting trial. Petitioner alleges that he was "given an excessive bail." The fact he recites to support this allegation is that "the bail set for me was by any means one I could not meet." From an examination of the State arrest warrant, the bail was set at $1,000.00. Petitioner contends it was in fact $5,000.00. Petitioner's claim involves an alleged prior illegal confinement, and the issue is rendered moot after the rendition of judgment. St. Pierre v. United States, 319 U.S. 41, 69 S.Ct. 910, 87 L. Ed. 1199 (1943). A constitutional claim is raised only where a State engages in discriminatory or arbitrary administra-

tion of a bail system. Mastrian v. Hedman, 326 F.2d 708 (8th Cir. 1964), cert. denied 376 U.S. 965, 84 S.Ct. 1128, 11 L.Ed.2d 982 (1964). See also Wilborn v. Peyton, 287 F.Supp. 787 (D.C.Va. 1968).

■ Petitioner's second claim is that he was coerced by his attorney to plead guilty. For the reasons stated in Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970) and McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), this court is of the view that the petitioner freely and voluntarily tendered his plea of guilty. The petitioner, when asked by the court whether the solicitor, his lawyer, or any policeman, law officer or anyone else made any promise or threat to influence him to plead guilty, answered "No" under oath. He also swore that he "freely, understandingly and voluntarily" authorized his attorney to enter on his behalf a plea of guilty. He also swore that at that time he knew that he had a right to plead not guilty and be tried by a jury and that he was satisfied with the services of his attorney. Upon these facts petitioner is not allowed a writ of Federal habeas corpus. Warden v. Holman, 330 F.2d 524 (5th Cir. 1964), cert. denied, 379 U. S. 851, 85 S.Ct. 96, 13 L.Ed.2d 54. In this habeas corpus proceeding, petitioner has the burden of proving that his guilty plea was not made knowingly or voluntarily. Vanater v. Boles, 377 F.2d 898 (4th Cir. 1967). "Where the advice given an accused 'was within the range of competence demanded of attorneys in criminal cases,' McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970), 'our inquiry into the validity of the guilty plea is limited . . . to the question whether the plea was intelligently and voluntarily entered.' [United States ex rel.] Broaddus v. Rundle, 429 F.2d 791, 795 (3d Cir. 1970). '[T]he validity of a guilty plea is not to be gauged by an examination of . . . a confession or statement which may have, in part, prompted the plea.'" United States ex

rel. Kidd v. Commonwealth of Pennsylvania, 453 F.2d 247, 248 (3d Cir. 1971). See also Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). It should be pointed out that petitioner has not alleged the ineffectiveness or incompetency of counsel. See Smith v. Yeager, 459 F.2d 124 (3d Cir. 1972).

 Petitioner asserts as his third contention that public opinion prevented him from receiving a fair trial because he had come to town to obtain a divorce. This claim relates to a nonjurisdictional matter and thus was waived by petitioner's plea of guilty. Vanater v. Boles, 377 F.2d 898 (4th Cir. 1967).

Now therefore, in accordance with the foregoing, it is

Ordered, that the petition for a writ of Habeas Corpus be, and the same is, hereby denied as to the petitioner's three allegations previously raised in the post-conviction hearing according to North Carolina General Statutes, Secs. 15–217 through 15–222, and

Further ordered, that the petitioner's allegations not previously raised in the post-conviction hearing according to North Carolina General Statutes Secs. 15–217 through 15–222 are dismissed without prejudice, on the basis of the following:

1. That the petitioner has made no application to the State court for their consideration of a petition under the "North Carolina Post-Conviction Hearing Act" for the mass of his claims,

2. That no good reason appears for his failure to do so, and

3. That no exceptional circumstances or peculiar urgency existed to justify departure from the rule requiring recourse in the first instance through appropriate State procedure as provided for in the "North Carolina Post-Conviction Hearing Act", North Carolina General Statutes Secs. 15–217 through 15–222, and

Further ordered, that this case be, and the same is hereby dismissed, and

Further ordered, that the Clerk shall serve copies of this order upon Mr. John F. Manning, 1831 Blueridge Blvd., Raleigh, North Carolina, 27607 and Richard L. League, Assistant Attorney General of North Carolina, P.O. Box 629, Raleigh, North Carolina, 27602.

Let this order be entered forthwith.