This is an appeal from an order dismissing plaintiff Arthur Brennan Malloy's action for damages against Thomas C. Sullivan for the alleged negligence of the latter in defending Malloy against charges of criminal offenses for which Malloy was prosecuted and convicted in the United States District Court for the Middle District of Alabama. We reverse.
On January 10, 1980, Malloy, a federal prisoner incarcerated at Tallahassee, Florida, mailed to the clerk of the Circuit Court of Montgomery County a request to proceed in formapauperis and for appointed counsel together with an attached complaint seeking compensatory and punitive damages for the alleged legal malpractice and negligence of Sullivan. On January 14, 1980, before any service of process was made, the trial court dismissed the action by an order which in pertinent part reads as follows:
 "The complaint attached to the Request shows that the Plaintiff, a federal prisoner in Tallahassee, Florida, seeks damages from Thomas C. Sullivan arising out of the representation provided by Mr. Sullivan to the Plaintiff in a federal criminal case.
 "It is apparent that this court is not the proper forum for this action. Accordingly the case will be dismissed. * * *"
The events giving rise to this action began in August 1977 when Malloy was indicted *Page 170 
by a federal grand jury. Subsequently, Sullivan was appointed to represent Malloy in the case which was tried in the District Court without a jury. Malloy was convicted and, on November 10, 1977, sentenced to nine years in prison. On June 14, 1978, the United States Circuit Court of Appeals for the Fifth Circuit affirmed without opinion and the Supreme Court subsequently denied certiorari.
The situation here is quite unusual. Generally, when a person convicted of a crime complains, as Malloy does, that ineffective assistance of counsel resulted in a denial of due process, he or she seeks relief by petitioning the appropriate court for a writ of habeas corpus. In this case, however, Malloy chose to seek damages in the state court under state law for malpractice, rather than release from prison.
The sole dispositive issue in this case is whether or not the circuit court has jurisdiction of the subject matter of this action.
Sullivan contends the action was properly dismissed under the comity doctrine and to permit the state court to determine the merits of Malloy's claim for relief would, in effect, amount to an appellate review of, or collateral attack on, a federal criminal conviction. It is his position that the comity doctrine dictates that matters related to the prosecution of Malloy in the federal court are more properly within the jurisdiction of that court than the state court. To support this argument he relies primarily on Ganger v. Peyton,379 F.2d 709 (4th Cir. 1967); Manning v. Jones, 385 F. Supp. 312
(E.D.N.C. 1974); and, Tyler v. Croom, 288 F. Supp. 870 (E.D.N.C. 1968). Each of these cases, however, deals with the relationship between the state and federal court systems in situations involving petitions for writs of habeas corpus filed in federal courts seeking release from custody resulting from conviction in state courts or review of the validity of such convictions. These cases are inappropriate and not controlling; therefore, the comity doctrine argument is without merit.
Sullivan also argues that the judgment of dismissal in this case will not support an appeal because there had been no service of process upon him at the time the judgment was entered. This contention overlooks the fact that when the trial court dismissed Malloy's action on its own initiative there could be only one justification for so doing: lack of subject-matter jurisdiction. This was not the case. Under our present system of notice pleadings, like it or not, Malloy's complaint would withstand a motion to dismiss and can be read to state a bare-bones claim for legal malpractice.
The elements of an action against an attorney in his professional capacity for negligence are essentially no different from those of any other negligence suit. For an excellent and thorough discussion of this area of the law seeHerston v. Whitesell, 348 So.2d 1054 (Ala. 1977) (appeal after trial on remand, 374 So.2d 267 (Ala. 1979)). Clearly the circuit court has jurisdiction of this action and Malloy is entitled to proceed with it. About whether this action can withstand summary judgment or directed verdict, in appropriate circumstances under applicable law regarding defenses to the claim, we will not speculate.
For the reasons assigned, the judgment of dismissal is due to be reversed and the case remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, JONES, ALMON and EMBRY, JJ., concur.