Appeal by the plaintiff, in a malpractice action brought against an attorney, from summary judgment rendered in favor of the defendant. We affirm.
The complaint arose out of a criminal prosecution against the plaintiff in the United States District Court for the Middle District of Alabama. In that proceeding the defendant was charged with violating the provisions of Title 18, § 2314, United States Code, i.e., unlawfully transporting forged securities in interstate commerce. The defendant in this case, a lawyer, was appointed by the federal trial court to represent the plaintiff in that criminal prosecution. Following a non-jury trial, the plaintiff was found guilty and sentenced to a term of imprisonment of nine years. An appeal was taken to the United States Court of Appeals for the Fifth Circuit and, when that Court affirmed the conviction, a petition for writ ofcertiorari was filed with the United States Supreme Court. That Court denied the writ.
Subsequently, Malloy brought this action in our state court against the attorney who had defended him, charging negligence in the defense of the federal prosecution. The state trial court dismissed the action for lack of jurisdiction. The plaintiff appealed to this Court which reversed and remanded on the ground that our state court did possess *Page 1060 
jurisdiction. Malloy v. Sullivan, Ala., 387 So.2d 169 (1980).
Following remand the defendant moved for summary judgment. In support of that motion the defendant adduced (1) an affidavit of Maury D. Smith, (2) a copy of the brief filed by the defendant in support of plaintiff's appeal to the United States Court of Appeals, a copy of the brief of the United States in that appeal, and a copy of the petition for a writ ofcertiorari filed in the United States Supreme Court by the defendant on behalf of the plaintiff. The plaintiff elected not to file any material on the issue of professional negligence in opposition to the defendant's motion notwithstanding the trial court's full and detailed explanation to him of this opportunity. After a hearing on this motion, the trial court granted the defendant's motion and entered summary judgment in his favor. The plaintiff has appealed from that judgment, maintaining that a question of fact does exist on the issue of negligence in the defendant's representation of him.
The proposition is well understood that the party adverse to a summary judgment motion may not rest upon his pleadings but must set forth specific facts showing a genuine issue for trial. "If he does not so respond, summary judgment, if appropriate, shall be entered against him."
A review of the entire record supports the trial court's conclusion that summary judgment was appropriate.
The principle which governs a legal malpractice action based upon negligence is the same as in any other negligence action, the plaintiff having the burden of proving a duty, its breach which caused injury, and damages. Herston v. Whitesell, Ala.,374 So.2d 267 (1979). The lawyer is not bound to exercise extraordinary diligence, but only reasonable care and skill. This is the measure of duty and liability. Goodman Mitchellv. Walker, 30 Ala. 482 (1857); see also 7 Am.Jur.2d, Attorneysat Law § 199 (1980).
The affidavit of Mr. Smith was that of a practicing lawyer of many years' experience in the trial of criminal and civil actions, who had examined the entire transcript of the federal prosecution, and who concluded that the defendant's conduct of plaintiff's defense was that which any skilled and prudent attorney would have exercised in the same representation and under similar circumstances. Mr. Smith's opinion was, in fact, that the defendant had exceeded the diligence required, "particularly in exhausting all appellate remedies," and that defendant's representation neither caused nor contributed to plaintiff's conviction or to the sentence imposed.
The brief in support of plaintiff's appeal to the United States Court of Appeals is extensive, containing a summary of the testimony of the eleven witnesses in the federal trial together with extensive argument and citation of legal authorities on the legal issues suggested by the facts recited,i.e., the sufficiency of the evidence to sustain a conviction and whether the sentence was excessive. The Government brief in response directly traversed the defense's brief on points of fact and law on the issue of guilt. On the sentencing aspect, the defendant received nine years when the maximum of ten years and a $10,000.00 fine was possible. Plaintiff was shown to have been previously convicted of seven felonies. In the federal system the trial court is vested with broad discretion in sentencing.
The same extensive consideration was applied in the petition and brief filed with the United States Supreme Court on plaintiff's behalf. Based upon the extensive review of the evidence contained in the briefs, we cannot conclude that there is present any fact upon which an inference of professional neglect could have led to, or contributed to, the plaintiff's conviction and sentence.
The record shows that after the United States Supreme Court had denied certiorari plaintiff filed in federal district court a motion to vacate his sentence and judgment against him on the grounds
 "that he was secretly indicted by a grand jury, that the government attempted to shore up a weak case by having a co-defendant testify against him, that the testimony *Page 1061 
of the co-defendant was proven to be erroneous, and that the government relied upon fingerprint evidence alone to convict him, and that there was no direct evidence presented by the government to support a conviction. He adds the further allegations in his motion that the court erred in refusing to grant him a motion for acquittal, that the evidence presented was insufficient to show possession, and that the evidence did not prove that the movant caused the interstate transportation of an altered security. Further, that he was denied a fair and impartial trial due to the actions of the court."
This motion was denied, the reviewing magistrate observing that:
 "The matters and things which Malloy attempts to present by this motion should have been presented upon his direct appeal to the Fifth Circuit Court of Appeals. . . ."
These allegations are neither supported by the record nor do they demonstrate the slightest inference of counsel's negligence. To the contrary, the record illustrates a conscientious effort to represent an accused in a case difficult to defend.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.