SHORES, Justice.
Arthur Brennan Malloy appeals pro se from the denial of his motion brought pursuant to Alabama Rules of Civil ^Procedure, Rule 60(b), for relief from a summary judgment entered against him as plaintiff in a malpractice action against an attorney. That summary judgment was reviewed and affirmed by this Court in Malloy v. Sulli *515 van, 415 So.2d 1059 (Ala.1982), and the facts underlying that action are set out therein.
Appellant cannot review the correctness of that judgment in a 60(b) motion; the only issue on appeal is whether the trial court abused its discretion in denying the motion. City of Daphne v. Caffey, 410 So.2d 8 (Ala.1982). A review of the entire record leads us to the conclusion that the trial court did not abuse its discretion, and we affirm.
Appellant alleged in his 60(b) motion mistake under Rule 60(b)(1) and a void judgment under Rule 60(b)(4), and makes a reference to Rule 60(b)(6) without alleging any other special circumstances warranting relief from the operation of the judgment.
Examination of the record reveals that the trial court fully explained to appellant the serious consequences of failing to file a counter affidavit in opposition to a motion by the defendant for summary judgment and carefully explained the operation of Rule 56 to him. We cannot say that the summary judgment came about as a result of mistake or neglect. Just as certain is it clear that the judgment is not void, the trial court having had jurisdiction over all the parties and over the subject matter.
The trial court considered the 60(b)(6) motion and stated in its memorandum opinion that Malloy had not demonstrated any extraordinary or compelling circumstances to justify relief under Rule 60(b)(6). A review of the record, coupled with the fact that the motion for relief from judgment was filed more than eleven months after the granting of summary judgment, demonstrates that the trial court did not abuse its discretion in denying appellant’s 60(b) motion and, therefore, the order of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.