This is the fourth appeal of this case. Malloy v. Sullivan,387 So.2d 169 (Ala. 1980); Malloy v. Sullivan, 415 So.2d 1059
(Ala. 1982); Malloy v. Sullivan, 431 So.2d 514 (Ala. 1983). Malloy is attempting to make a collateral attack on the judgment affirmed in the second appeal. The third appeal also involved an attack on the original judgment, in that case under Rule 60 (b), A.R.Civ.P. In this case Malloy denominates his petition for relief an "independent proceeding against judgment."
The attempted distinction between a Rule 60 (b) motion and an independent proceeding *Page 13 
against judgment is immaterial. Malloy cannot bring a second collateral attack on the same judgment. Skillman v. First StateBank of Altoona, 341 So.2d 691 (Ala. 1977).
Moreover, his attack herein provides no grounds for setting aside the judgment. He argues that the trial court did not inform him before the summary judgment hearing that Rule 56 (f), A.R.Civ.P., contained a "savings clause" under which he could have opposed Sullivan's summary judgment motion without filing his own affidavits. Malloy misreads Rule 56 (f): it does
require an affidavit, and only protects the party opposing the motion if he states reasons why he cannot present essential facts. Malloy presented no affidavit in opposition to the motion and its supporting affidavit.
Malloy argues that he was denied the right to counsel. He confuses the provision of the Constitution of Alabama of 1901, Art. I, § 10, "[t]hat no person shall be barred from prosecuting or defending before any tribunal in this state, by himself or counsel, any civil cause to which he is a party," with the U.S. Constitution's Sixth Amendment right to counsel in defense of criminal prosecutions. Malloy was not barred from presenting his case, whether pro se or by retained counsel, but he had no right to court-appointed counsel.
Finally, Malloy argues bias of the trial court and insufficiency of the affidavit in support of the motion for summary judgment. These matters were resolved in his prior challenges and are not subject to further attack.
The judgment of the trial court, denying Malloy's petition for relief, is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.