MADDOX, Justice.
This is an appeal from denial of a Rule 60(b)(6), Ala.R.Civ.P., motion for relief from judgment.
Phillips (plaintiff) has been before this Court twice previously, once seeking review of his conviction for robbery, and once to challenge a summary judgment granted his appointed attorneys in the legal malpractice suit he brought against them arising out of their representation of him in those criminal proceedings. As in the two previous appeals, we find no reversible error and affirm.
On June 5, 1981, Phillips was indicted for first degree robbery. Defendant Alonzo was appointed to represent him at trial. Phillips was convicted and sentenced, as a habitual offender, to life in prison without parole. Defendant Quinlivan, who was appointed to represent Phillips on appeal, filed a timely notice of appeal and a brief in the Court of Criminal Appeals. That court affirmed Phillips’s conviction, without opinion, and denied rehearing. This Court denied certiorari.
*797 While the appeal of his conviction was still pending final disposition, Phillips, acting pro se, brought suit for legal malpractice against Alonzo and Quinlivan, praying for $1,000,000 in damages. Both defendants moved for summary judgment, pursuant to Rule 56(b), Ala.R.Civ.P., and submitted personal affidavits which refuted plaintiff’s claim that they were negligent. Phillips, too, filed a personal affidavit, in effect, restating the allegations in his complaint. Both defendants’ motions were granted, and Phillips appealed here. This Court, speaking through Mr. Justice Faulkner, affirmed, holding that Phillips’s failure to present an expert’s affidavit showing defendants’ negligence made summary judgment appropriate. Phillips v. Alonzo, 435 So.2d 1266 (Ala.1983).
After this Court’s opinion was rendered, Phillips filed in the trial court a Rule 60(b)(6) motion seeking relief from the summary judgment entered against him. His only basis for that motion was the trial judge’s failure to inform him of the necessity of expert testimony in malpractice cases; he alleges that the failure of the trial judge to inform him of this necessity was an abuse of judicial discretion. The motion was promptly denied. Phillips then filed a motion to reconsider, and, before that motion could be ruled upon, filed with this Court a notice of appeal from the denial of his 60(b)(6) motion.
As this Court stated in Textron, Inc. v. Whitfield, 380 So.2d 259 (Ala.1980), a 60(b)(6) motion should be granted only in those exceptional circumstances when the moving party can show the court sufficient equitable grounds to be entitled to relief. The decision of whether to grant or deny a 60(b)(6) motion is within the sound discretion of the trial judge, whose judgment will not be reversed on appeal absent an abuse of discretion. Textron, Inc., supra, at 260.
The only grounds that Phillips alleged in support of his motion was that he did not know that he needed to file a coun-teraffidavit of an expert in order to defeat the motion for summary judgment. In an almost identical case, Malloy v. Sullivan, 431 So.2d 514 (Ala.1983), this Court held that the plaintiff in a legal malpractice case was not entitled to 60(b)(6) relief from a summary judgment granted because of his failure to file a proper counteraffidavit. In that case, the court stated that the plaintiff, who proceeded pro se and failed to file a counteraffidavit, had failed to demonstrate extraordinary or compelling circumstances justifying relief under 60(b)(6). Malloy, supra, at 515.
Like the plaintiff in Malloy, we hold that Phillips failed to show exceptional or compelling circumstances which would show an abuse of judicial discretion justifying the extraordinary relief provided by 60(b)(6). This is especially true in the present instance, where the plaintiff seeks by way of 60(b)(6) what he is not otherwise entitled to, a second bite at the apple, a second appellate review of the same unfavorable summary judgment. This we do not believe is the intent of 60(b)(6). Because in his earlier appeal Phillips could have raised the identical legal question he sought to raise in his 60(b)(6) motion but he failed to do so, we cannot say that the trial judge abused his discretion by refusing to allow the issue to be raised by way of 60(b)(6).
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.