Pro se appellant brought suit against his former attorney (appellee) for negligent legal malpractice and breach of contract arising from attorney's representation of appellant in a criminal prosecution resulting in conviction and a fifty-year sentence. The judgment of conviction was affirmed by the Alabama Court of Criminal Appeals. Dorsey v. State,451 So.2d 1378 (Ala.Crim.App. 1984).
This appeal comes to us on pro se brief of appellant and no brief of appellee.
As we can best determine from appellant's brief, he contends that the trial court erred in the following (1) by not awarding damages for mental anguish under the contract count, (2) by finding against appellant under the negligent malpractice count, and (3) by finding no vicarious liability against partners or associates of appellee "named or unnamed."
The trial court entered judgment for appellant after appellee failed to respond to a request for admissions of fact; failed to respond to two separate motions for summary judgment; and failed to appear when the case was called for trial setting.
The only evidence before the trial court was that which was deemed to have been admitted by appellee's failure to respond to appellant's request for admissions of fact. Rule 36, Alabama Rules of Civil Procedure.
Appellant apparently argues that those matters deemed admitted would require the trial court to enter judgment in his favor on the negligent legal malpractice count. We disagree.
In holding against appellant under the negligent malpractice count, the trial court stated in its memorandum judgment:
 "This court is . . . not convinced that any malpractice on the part of the [appellee] was the proximate cause of the conviction of this defendant, who, according to the decision on appeal, set forth that *Page 704 
defendant had seven (7) prior felony convictions."
 "The elements of an action against an attorney in his professional capacity for negligence are essentially no different from those of any other negligence suit. Malloy v. Sullivan, 387 So.2d 169
(Ala. 1980). To recover, the appellant must prove a duty, a breach of duty, that the breach was the proximate cause of the injury, and damages."
Herston v. Whitesell, 348 So.2d 1054 (Ala. 1977).
In reviewing the only evidence presented, we cannot say the trial court committed error in finding against appellant on the negligent malpractice claim.
We also observe that under the proof, appellant was awarded all damages under the contract count to which he would have been entitled under the negligent malpractice count. Neither theory would have supported damages for mental anguish.
 "There can be no recovery for emotional distress, where [the legal malpractice] does not involve any affirmative wrongdoing but merely neglect of duty, and the client may not recover for mental anguish where the contract which was breached, was not predominantly personal in nature."
7A C.J.S. Attorney and Client § 273a (1987), p. 505.
Under the breach of contract count the court awarded appellant $6,500 damages, being the total amount of the fee paid by appellant to appellee for representation in the criminal case which resulted in the conviction.
As to appellant's claim for damages for mental anguish under the contract count, the Supreme Court said in B M Homes, Inc.v. Hogan, 376 So.2d 667 (Ala. 1979):
 "In Alabama the general rule is that mental anguish is not a recoverable element of damages arising from breach of contract. Sanford v. Western Life Insurance Co., 368 So.2d 260 (Ala. 1979); Stead v. Blue Cross-Blue Shield of Alabama, 346 So.2d 1140 (Ala. 1977)."
Appellant has not shown that he comes within the narrow exceptions to this general rule. See, F. Becker AsphaltumRoofing Co. v. Murphy, 224 Ala. 655, 141 So. 630 (1932);Birmingham Water Works Co. v. Ferguson, 164 Ala. 494,51 So. 150 (1909).
With respect to appellant's final contention that the trial court erred in not finding against the partners of appellee, suffice it to say that there was a total failure of proof on the question of partnership.
Based on the foregoing, the judgment of the trial court is due to be, and is, affirmed.
The foregoing opinion was prepared by Retired Circuit Judge J. ED TEASE while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.