EMBRY, Justice.
This is an appeal from an order entered 31 August 1979 purporting to dismiss plaintiff’s case and the counterclaim of defendant. The question presented is whether this appeal should be dismissed because the judgment appealed from is void and therefore not appealable.
This case has been here before on petition for writ of mandamus. Continental Oil Co. v. Williams, 370 So.2d 953 (Ala.1979).
The relevant facts of this ease are stated chronologically:
(1) On 7 April 1978, plaintiff, Continental Oil Company, filed a motion to compel defendant, Joe C. Williams, to more fully answer interrogatories within 30 days.
(2) On 10 May 1978, plaintiff filed its motion to dismiss defendant’s counterclaim for his failure to more fully answer its interrogatories.
(3) On 16 May 1978, plaintiff’s motion to dismiss the counterclaim was denied.
(4) On 17 May 1978, the order of 16 May 1978 was set aside, the motion to dismiss the counterclaim granted, and the counterclaim dismissed.
(5) On 19 May 1978, plaintiff moved to dismiss its action with prejudice and at the cost of plaintiff. This motion is the key to a determination of this appeal.
(6) On 23 May 1978, defendant asked the trial court to amend its order so as to allow defendant-counterclaimant to proceed with his case.
(7) On 2 June 1978, the trial court granted plaintiff’s motion to dismiss the suit with prejudice and thereupon dismissed the action.
(8)On the same day, but physically appearing subsequent to the previous 2 June 1978 order, the trial court granted a motion to set aside the order of 17 May 1978 dismissing the counterclaim and noted: “counter-claim pending.” Thus it appears that when the trial court attempted to reinstate the counterclaim there was no pending action to which it could attach or in which it could be reinstated.
The order of 2 June 1978, granting plaintiff’s motion to dismiss, and dismissing the cause with prejudice was never set aside; therefore, it remains in full force and effect and any subsequent orders or actions of the trial court in this action are nullities.
The entire cause could not have been dismissed on plaintiff’s voluntary motion if defendant’s counterclaim had been pending. See Rule 41(a)(2), ARCP. However, the counterclaim was dismissed for failure to answer interrogatories before plaintiff made its motion to dismiss the suit with prejudice. Therefore, no counterclaim was pending when plaintiff made its motion to dismiss its action. Likewise, there was no counterclaim pending when the cause was dismissed with prejudice on 2 June 1978. The later action by the court to reinstate the counterclaim was ineffective since the cause was already dismissed. Dismissal of defendant’s counterclaim by the court’s order of 31 August 1979, therefore, will not support an appeal because there was no counterclaim pending. Defendant cannot appeal from dismissal of plaintiff’s case. Mobile Fuel Shipping, Inc. v. Scott, 375 So.2d 796 (Ala.Civ.App.1979), states:
“The dismissal of the plaintiff’s case, in this instance, was clearly in favor of the defendant such that the defendant was not aggrieved or prejudiced in any way thereby. Thus, there is no adverse ruling about which the defendant can complain.
“There being no adverse ruling against the defendant, there is no justiciable controversy for this court to decide.”
*132 For the reasons stated this appeal is due to be and is hereby dismissed.
APPEAL DISMISSED.
TORBERT, C. J., and FAULKNER, AL-MON and BEATTY, JJ., concur.