This is an appeal from a summary judgment granted in favor of the defendant, Aetna Insurance Company, in an action for negligent inspection by a workmen's compensation carrier. We affirm.
James David Armstrong, a minor, was the employee of Lonnie Manning, who had been hired by The Country Club of Mobile to remove the light bulbs above its tennis courts and replace them with a different type of bulb. Manning and Armstrong used a scaffold, which Manning had rented, to change the bulbs. According to Manning, at the end of the work day in question the club's tennis pro asked Armstrong to push the scaffold against some trees on the far side of the courts. While Armstrong and a country club employee were moving the scaffold it came into contact with overhead power lines, resulting in injury to Armstrong.
Armstrong filed a complaint by and through his father as his next friend against numerous defendants. The complaint, as last amended, alleged: (1) that Aetna, the club's workmen's compensation carrier, undertook to inspect the premises and to provide a safety engineering service to the club, (2) that in making the inspection Aetna negligently failed to advise the club of an unsafe condition, the uninsulated electrical wires, (3) that the allegedly dangerous condition should have been obvious to anyone skilled in making such inspections, (4) that Aetna should have known, by the exercise of reasonable diligence, of the dangerous condition, and (5) that Armstrong's injuries were the proximate result of Aetna's negligence. Another count alleged wanton inspection by Aetna.
Aetna's motion for summary judgment was granted on October 25, 1982. The following day Aetna filed an affidavit containing the following text:
 "1. My name is E.M. "Bert" Meadows and I am employed by the Defendant, Aetna Insurance Company. I am familiar with the terms and conditions of the policy of workmen's compensation insurance issued by Aetna to the Country Club of Mobile. This policy of workmen's compensation insurance did not provide workmen's compensation insurance coverage to either of the Plaintiffs since neither of them were employees of the Country Club of Mobile at the time of the accident made the basis of this suit."
On November 10, 1982, the trial court entered an order expressly finding that there was no just reason to delay entry of a final judgment and directed that a final judgment be entered pursuant to A.R.Civ.P. 54 (b) on behalf of Aetna.
On appeal Aetna took the position that the October 25th order was in full force and effect when the November 10th order was entered and, therefore, that the subsequent order was a nullity. See Williams v. Continental Oil Co., 387 So.2d 130
(Ala. 1980). We disagree with Aetna's *Page 355 
contention that Williams is controlling here. In that case, the trial court granted a motion seeking to reinstate a counterclaim after the case in chief had been dismissed with prejudice. In the case at bar, however, other claims had not been adjudicated, so the action was still pending as to all claims of all parties following entry of the October 25th order, because the order contained no express determination that there was no just reason for delay and made no express direction for the entry of a final judgment. A.R.Civ.P. 54 (b). Since the action was still pending when the November 10th order was entered, the order was valid. A judgment such as the one entered on October 25th which adjudicates fewer than all the claims or adjudicates rights and liabilities of fewer than all the parties, is "subject to revision at any time" before the entry of a final judgment as to all claims against all parties. A.R.C.P. 54 (b). Therefore, the November 10th order made the October 25th order appealable.
This case raises the novel question in Alabama whether a workmen's compensation carrier can be held liable on a negligent inspection theory for injuries incurred by an employee of an independent contractor who was not covered by the policy of workmen's compensation insurance issued by the defendant. The tort of negligent inspection is based on the theory that when an insurer undertakes the performance of the duty owed by the insured to a third party, the insurer may be liable to that third-party if the third-party was injured as the proximate result of the insurer's failure to exercise reasonable care in said performance. Restatement (Second) ofTorts § 324A (1976). Thus, when an insurer undertakes to inspect an insured employer's premises for safety, it assumes the duty of the insured employer to provide a safe place for its employees to work. Beasley v. MacDonald Engineering Co.,287 Ala. 189, 249 So.2d 844 (1971).
Under Alabama law, the premises owner is also under a duty to employees of an independent contractor to maintian the premises in a reasonably safe condition, except with respect to conditions arising in the progress of the work on the contract.Pate v. United States Steel Corp., 393 So.2d 992, 994 (Ala. 1981); Green v. Reynolds Metals Co., 328 F.2d 372, 374 (5th Cir. 1964). In making a safety inspection, does a workmen's compensation carrier assume the insured employer's duty as a premises owner to employees of independent contractors?
When a workmen's compensation carrier inspects its insured's work place, it does so to promote its interest in underwriting, rating, and loss prevention with respect to the policy of insurance. The duty of care to third persons which it assumes, therefore, must be limited. While an action for negligent inspection sounds in tort and is, therefore, not based on the contract of insurance per se, the class of persons who are the intended beneficiaries of the inspection is limited to those covered by the policy. Since the duty in question is one which is gratuitously assumed by the insurer, we opine that the scope of the duty should be concomitant with the class of persons covered by the policy.
There being no duty owed by Aetna to the plaintiff, the summary judgment was proper, and is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ALMON and ADAMS, JJ., concur.