BRADLEY, Judge.
This is an appeal from the trial court’s order of a remittitur or, alternatively, a new trial.
This action began when Randall Chambers, Susan Chambers, and Nick Gorham filed a complaint against Jack Kurtz. They alleged that Kurtz had obstructed a roadway which was the sole ingress to and egress from to their property. Later the complaint was amended to add I.W. Eber-hart as a party defendant. The amendment stated that Eberhart was the predecessor in title to the realty and that he had represented that the plaintiffs would have free and unlimited access by the existing road.
Eberhart then filed a cross-claim against Kurtz. The cross-claim contained separate counts for trespass and for injunctive relief. Kurtz filed a counterclaim against Eberhart, alleging trespass and slander of title.
Subsequently, the original plaintiffs conveyed their property to Eberhart and, at their request, their complaint was dismissed because they no longer had any interest in the litigation. On the same occasion, Eberhart moved to have his claim for injunctive relief dismissed. The trial court dismissed the claim with prejudice and set the claim for money damages for a jury trial.
Kurtz filed a motion for summary judgment. He contended that the dismissal of the claim for injunctive relief constituted an adjudication of the issue of the ownership of the roadway. The trial court denied the motion.
A trial before a jury was held in October 1985. The court instructed the jury that punitive damages could be assessed. After deliberation the jury returned a verdict in favor of Eberhart and assessed damages at $2,500. Judgment was entered on this verdict.
Kurtz filed a motion for a new trial, contending that the damages awarded by the jury were excessive and unsupported by the evidence. He also argued that the dismissal of the claim for injunctive relief was an adjudication on the merits, and, therefore, that the verdict and judgment were in conflict with the prior action of the court.
In its order on this posttrial motion, the trial court stated that since no actual damages were proved by Eberhart during the trial the award of $2,500 must “therefore be viewed by the court as substantially a punitive damages award.” The trial court further stated:
“Kurtz contends in his motion that this award is excessive, and the court agrees. The jury was instructed that they could award punitive damages only if the tres *188 pass was attended by rudeness, wantonness, recklessness or by circumstances involving gross negligence, and that in determining the amount of such damages, they should take into consideration the degree of the wrong.
“The only basis for an award of punitive damages is the evidence that Kurtz attempted to block the roadway. The evidence is that when Kurtz placed the obstruction in the roadway, he did so believing that the roadway was his property and acting upon the advice of counsel. When Chambers and/or Gorham, the parties directly affected by the obstructions, approached Kurtz about removing the obstructions, he agreed to remove them. While the court is unwilling to conclude that there was insufficient evidence to support an award of punitive damages, there being at least an inference of rudeness which arises from the mere act of obstructing a roadway used by others, the court does conclude that the degree of rudeness established by the evidence is insufficient to support an award of $2,500.”
The trial court ordered Eberhart to remit $2,000 or a new trial would be granted. Eberhart did not file a remittitur within the prescribed time and a new trial was granted. Eberhart appealed and Kurtz cross-appealed.
On appeal Eberhart contends that the posttrial ruling of the court, which ordered a remittitur or, alternatively, a new trial, was improper. The impropriety of the ruling, according to Eberhart, results from the court’s application of an erroneous legal standard for evaluating punitive damages and a misapprehension of the evidence as it related to the quantum of proof necessary to support a punitive damages award.
The rule is that the amount of punitive damages to be awarded is for the jury, in its discretion, to decide. Shiloh Construction Co. v. Mercury Construction Corp., 392 So.2d 809 (Ala.1980). The trial court should not order remittitur or a new trial simply because the court is of the opinion that the jury awarded too much. Id. The court is authorized to order remit-titur only when the jury’s verdict is the result of bias, prejudice, or other improper motive. Id.
In his brief Eberhart points out that in the posttrial order the judge acknowledged that the evidence presented at trial warranted the imposition of punitive damages. However, the judge determined that the degree of rudeness established by the evidence was “insufficient to support an award of $2,500.” Hence, it appears that the trial court concluded that the jury “awarded too much” to Eberhart. Moreover, the trial court did not find that the verdict was the result of bias, prejudice, corruption, or other improper motive, nor have we been cited to any such evidence in the record.
In the absence of evidence of bias or other improper motive on the part of the jury, the trial court was not authorized to order a remittitur just because it considered the verdict excessive, and by so doing the trial court committed error.
Eberhart also contends that the evidence supports the jury’s verdict and, as a consequence, that the remittitur was an abuse of the trial court’s discretion.
The decision to order a remittitur or grant a new trial is within the discretion of the trial court and such decision is accompanied by a presumption that the trial court properly exercised this discretion. Todd v. United Steelworkers of America, 441 So.2d 889 (Ala.1983). However, this presumption of correctness can be overcome if the evidence at trial plainly and palpably supported the jury’s verdict. Merkle v. Armstrong, 342 So.2d 788 (Ala. Civ.App.1976).
A review of the record indicates that in the spring of 1980 Eberhart told Kurtz that the road was located on Eberhart’s property. Although the ownership of the road was in dispute, Kurtz never had a survey made prior to obstructing the road.
The Chamberses purchased their property from Robert Pence and wife, Dorris Pence. The Pences purchased the property from Eberhart and were told by Eberhart that the road was on Eberhart’s property *189 and that they could use the road for ingress and egress.
Without discussing the matter with Eber-hart or having a survey made, Kurtz erected obstacles on the roadway several times to prevent the Chamberses from using the road. Each time an obstacle was erected by Kurtz, Mr. Chambers would tear it down. There is no evidence in the record that Kurtz ever removed any of the obstacles he erected.
Based on this evidence and the other evidence in the record, we conclude that the jury’s verdict is supported by the evidence.
In his cross-appeal Kurtz contends that the dismissal with prejudice of Eberhart’s claim for injunctive relief constituted an adjudication on the merits of the claim for trespass, and the entry of the jury verdict was barred by this previous adjudication.
Kurtz argues that the supreme court held in Williams v. Continental Oil Co., 387 So.2d 130 (Ala.1980), that when a cause was dismissed with prejudice a later action by the court to reinstate the claim was ineffective. However, the holding in Williams does not apply in this case. In the Williams case the plaintiff moved to have the defendant’s counterclaim dismissed, and the motion was granted. Later the plaintiff moved to dismiss its action with prejudice and the court granted this motion. Then the trial court attempted to reinstate the counterclaim. The supreme court held that the counterclaim could not be reinstated because the case-in-chief had already been dismissed.
No other cases were cited by Kurtz to support this contention, and our research has not revealed any such authority.
When the trial court accepted plaintiff’s motion to dismiss his request for in-junctive relief 'and ordered that such dismissal be with prejudice, the court also ordered that the trespass action for damages be tried before a jury. Thus, by separating the two claims, i.e. one for in-junctive relief and the other one for damages, the trial court clearly did not intend to dismiss Eberhart’s entire case. Hence, the dismissal of one claim did not foreclose a decision on the other claim.
The judgment of the trial court ordering a remittitur or, in lieu thereof, a new trial, is reversed and the cause is remanded for entry of a judgment implementing the verdict of the jury.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., concurs.
HOLMES, J., dissents.