Plaintiffs Arthur J. Starks and Linda Starks appeal from a summary judgment, made final pursuant to Rule 54(b), A.R.Civ.P., in favor of Commercial Union Insurance Company (hereinafter "Commercial Union").
In December 1984, the Starkses' minor child drowned in water that had collected in a drainage ditch maintained by the City of Montgomery. At the time of the child's death, Darrell Blake and Associates, Inc., a general contractor, was performing construction work under a contract with the City of Montgomery to make improvements in the ditch. The Starkses filed suit in the Circuit Court of Macon County against the owner of the property, the contractor, and insurance carriers who provided various coverages to the contractor.
The Starkses amended their complaint to include as a defendant Commercial Union, the general liability insurance carrier for Darrell Blake and Associates, Inc. The Starkses alleged that Commercial Union had a duty under its policy to inspect the construction site and to assure safe conditions or, in the alternative, that Commercial Union had voluntarily assumed that duty.
Commercial Union filed an answer, denying the allegations of the complaint as amended. Commercial Union later filed a motion for summary judgment, supported by the affidavit of Frank Penney. Mr. Penney made the following statement in his affidavit:
 "I am Frank Penney. I am Risk Control Representative, Commercial Union Insurance Company, Birmingham, Alabama. I have reviewed the allegations of the Complaint in Civil Action No. CV-85-39 pending in the Circuit Court for Macon County, Alabama, against Commercial Union Insurance Company, and I have reviewed the Risk Control files of Commercial Union with respect to our insured, Darrell Blake and Associates, Inc. After a complete review of the records of Commercial Union, I state that at no time prior to the accident made the basis of this suit did Commercial Union ever visit, inspect or survey the area where the accident made the basis of this suit occurred. Moreover, Commercial Union at the time of the accident in question insured with a policy of liability insurance Darrell Blake and Associates. Neither the deceased Plaintiff [sic] nor any member of his family [was] at any time an insured or an additional insured under this policy."
The Starkses subsequently amended their complaint to allege that it is generally accepted procedure in the insurance industry for insurance carriers such as Commercial Union to engage in an underwriting inspection of risks prior to acceptance and issuance of a policy, and that insureds such as the contractor rely on these inspections in planning safety. The amended complaint further alleged that it was reasonably foreseeable that Commercial Union's failure to inspect, or its negligent inspection of the construction site, would result in conditions unsafe and dangerous to members of the public, including the Starkses' minor child. It was also alleged that Commercial Union "voluntarily assumed a duty to inspect the construction site, insure safe conditions and advise Defendants Contractor, City and/or fictitious Defendants concerning safety." The Starkses' amended complaint also asserted the following:
 "The said Defendants knew that the risk which they were insuring involved a public construction project in a residential area and that by their failure to exercise of [sic] reasonable diligence in inspecting the site, or requiring the Defendant Contractor, City and/or fictitious Defendants to correct dangerous conditions which existed would greatly increase the hazard to life and property of the members of the public living in the area. Said Defendants knew or with the exercise of reasonable diligence should have known that their failure to inspect or their negligent inspection would result in the incident which forms the basis of this complaint."
Prior to the hearing on Commercial Union's motion for summary judgment, the *Page 1216 
Starkses filed a motion for continuance of that hearing, based on Rule 56(f), A.R.Civ.P. The Starkses' attorney supported this motion with his own affidavit containing the following statement: "As a result of the total lack of discovery Plaintiffs cannot respond by affidavit or otherwise to the affidavit attached to Defendant Commercial Union's motion for summary judgment. Plaintiffs will be unable to offer evidence in opposition to that motion until discovery has taken place." No continuance was allowed by the trial court. Following the hearing on Commercial Union's motion for summary judgment, the trial court expressly found that there was no just reason for delay in the entry of final judgment as to Commercial Union and expressly directed entry of a final summary judgment. See Rule 54(b), A.R.Civ.P.
The Starkses contend on appeal that the trial court erred by refusing to allow a continuance of the hearing on Commercial Union's motion for summary judgment, and by granting summary judgment based on their failure to state a legally recognized cause of action. We are unable to agree with these contentions.
Rule 56(f), Alabama Rules of Civil Procedure, provides:
 "Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."
Rule 56(f) protects a party opposing a motion for summary judgment if the party states reasons why he cannot present essential facts. Malloy v. Sullivan, 455 So.2d 12
(Ala. 1984). The rule "should be liberally applied to allow parties an ample opportunity to marshal necessary facts to support their respective positions." Central AcceptanceCorp. v. Colonial Bank of Alabama, N.A., 439 So.2d 144,147 (Ala. 1983).
In the case at bar, the trial court did not allow the Starkses' request for a continuance of the hearing on Commercial Union's motion for summary judgment. The motion for continuance was filed on May 22, three weeks prior to the June 13 date set for hearing on the motion for summary judgment. The affidavit in support of the motion for continuance stated that the Starkses had received no response in regard to the discovery they had sought.
The record shows that on April 12 the Starkses had served written interrogatories, relating solely to venue, on Commercial Union. Although there is no indication in the record that Commercial Union answered the interrogatories, neither is there any indication that the Starkses sought to compel a response from, or sought any additional discovery from, Commercial Union prior to the June 13 hearing. With regard to defendant Darrell Blake and Associates, Inc., the Starkses filed a request for production of documents on April 18, followed by a motion to compel response filed on May 22. On June 10, Darrell Blake and Associates, Inc., filed a response to the request for production, agreeing to "make such documents as are not subject to objection and which are sought by this request available at the offices of [its attorney] for review by plaintiffs' attorney at a mutually agreed upon time." We find nothing in the record indicating that Darrell Blake and Associates, Inc., failed to make the documents available to the Starkses. We are not able to say that the Starkses presented to the trial court any reasons justifying the conclusion that they could not adduce facts to oppose Commercial Union's motion for summary judgment. Rule 56(f), A.R.Civ.P.
With respect to the propriety of the trial court's granting summary judgment, we note that a substantial portion of the briefs of both parties is devoted to contentions and countercontentions totally inapplicable to the single issue here presented: Whether Alabama law imposes a duty on a general liability insurer to undertake a safety inspection of the insured premises for the protection of a member of the general public as a third-party beneficiary under the policy. *Page 1217 
On the one hand, the Starkses, citing Beasley v.MacDonald Engineering Co., 287 Ala. 189, 249 So.2d 844
(1971), contend that a cause of action exists in Alabama against a general liability insurance carrier who inspects a construction site and makes safety recommendations to a contractor. As the Starkses correctly point out, Alabama law recognizes a cause of action by an employee against a workmen's compensation carrier who undertakes to perform inspections of the employer's premises. Beasley, supra. TheBeasley Court recognized the common law right of recovery for negligent inspection in favor of an employee. Such a cause of action is founded on the premise that one who volunteers to act, though under no duty to do so, is charged with the duty of acting with due care. United StatesFidelity Guaranty Co. v. Jones, 356 So.2d 596 (Ala. 1977). This argument fails because, under the undisputed facts,no undertaking to inspect occurred; thus,Beasley, upholding liability in the context of a voluntary undertaking, is inapposite.
The Starkses also contend that a general liability insurance carrier owes a duty to third parties when it has knowledge of dangers on its insured's construction site which make it reasonably foreseeable that a failure to inspect will result in harm to third parties. Commercial Union, on the other hand, citing Armstrong v. Aetna Insurance Co., 448 So.2d 353
(Ala. 1983), urges affirmance on the ground that the trial court should have granted its earlier motion to dismiss for failure of the plaintiffs to state a claim on which relief could be granted. The question in Armstrong was whether a workmen's compensation carrier, in making a safety inspection, assumed the insured employer's duty as a premises owner to employees of independent contractors. The Court, holding there was no duty owed by the insurance carrier, stated:
 "When a workmen's compensation carrier inspects its insured's work place, it does so to promote its interest in underwriting, rating, and loss prevention with respect to the policy of insurance. The duty of care to third persons which it assumes, therefore, must be limited. While an action for negligent inspection sounds in tort and is, therefore, not based on the contract of insurance per se, the class of persons who are the intended beneficiaries of the inspection is limited to those covered by the policy. Since the duty in question is one which is gratuitously assumed by the insurer, we opine that the scope of the duty should be concomitant with the class of persons covered by the policy."
448 So.2d at 355. Commercial Union, insisting on its motion to dismiss, seeks to have this Court declare, in the abstract, that Armstrong, supra, is authority for holding that a third party has no standing to sue a general liability insurer for negligent inspection.
Faced with the plaintiffs' alternative claims for negligent inspection and for failure to inspect, the trial court properly denied the defendant's motion to dismiss and then looked to the evidence in support of and in opposition to that motion to determine if the plaintiffs had stated a viable claim for relief and, if so, whether there was a genuine issue of material fact with respect to such a claim. Finding no issue of fact, the trial court was presented with a simple, straightforward legal issue, as stated above.
In granting summary judgment, the trial court obviously and correctly concluded that this Court's holding in theArmstrong case necessarily limits the cause of action to a voluntary undertaking in favor of a class of persons covered by the policy of insurance and does not authorize a cause of action based upon a duty to inspect.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS and HOUSTON, JJ., concur. *Page 1218