SAM A. BEATTY, Retired Justice.
The plaintiff, Kathleen M. Abbey, appeals from a partial summary judgment entered in favor of Sverdrup Corporation and Sverdrup Technology, Inc. (collectively referred to as “Sverdrup”). Our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975. We reverse and remand.
In January 1988, Abbey interviewed with Sverdrup for an engineering position. In September 1988, Sverdrup offered Abbey employment as a senior engineer, contingent upon Sverdrup’s obtaining a NASA contract for engineering services at the Marshall Space Flight Center in Huntsville. Abbey accepted the offer. In February 1989, *831 Sverdrup notified Abbey that it had been selected for final consideration for the.NASA contract, and in May 1989, it notified her that it had received the NASA contract and would soon be in a position to advise her about the status of her application for employment. By the fall of 1989, however, Sverdrup still had not hired Abbey. Sverdrup eventually offered her a position junior to that for which she had been interviewed, but never followed through on its offer of the senior engineer position she had accepted.
Abbey contacted the Equal Employment Opportunity Commission (“EEOC”) in December 1989 to complain about Sverdrup’s failure to hire her. On her intake questionnaire, she informed the EEOC that she thought Sverdrup had discriminated against her on the basis of her sex and age and because Sverdrup learned she had filed an EEOC complaint against a previous employer. Abbey then signed and filed a charge of discrimination with the EEOC against Sverdrup, alleging only that Sverdrup had discriminated against her on the basis of her sex. She says that an EEOC staff member told her she could not file a charge of discrimination on multiple grounds, even though she had provided information to the EEOC regarding her retaliation claim. On November 30,1990, the EEOC issued its determination that Sverdrup had not discriminated against Abbey because of her sex. Abbey requested an EEOC review of that decision.
In February 1991, Abbey sued Sverdrup, alleging breach of contract (express and implied), promissory estoppel, unjust enrichment, misrepresentation, and concealment. Aso in February 1991, the EEOC affirmed the results of its initial investigation and issued Abbey a “Notice of Right to Sue.” She then amended her complaint to add a cause of action alleging discrimination in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (“Title VII”).
In 1991, the parties propounded discovery requests to each other. During the summer of 1991, Abbey says, she responded to Sverdrup’s discovery requests, but she says that her attorneys were unsuccessful in obtaining complete discovery from Sverdrup. In May 1992, Sverdrup moved for a partial summary judgment as to Count VII of Abbey’s amended complaint, on the ground that Abbey had failed to exhaust her administrative remedy under Title VII by failing to file a timely charge of discrimination with the EEOC. Sverdrup argued that Abbey’s complaint alleged a retaliatory failure to hire, not discrimination on the basis of her sex, and that her EEOC charge did not include her retaliation claims. Shortly thereafter, Abbey’s attorneys moved to compel the full production of requested documents and complete answers to interrogatories from Sverdrup. ' Abbey’s counsel also filed an opposition to Sverdrup’s summary judgment motion with a supporting memorandum. At that time, much of the discovery requested by Abbey apparently remained outstanding. In his memorandum, Abbey’s counsel specifically discussed his client’s inability to complete discovery:
“The Supreme Court has noted that requiring the nonmovant to present evidence of a genuine issue ‘is qualified by Rule 56(f)’s provision that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.’ Anderson v. Liberty Lobby, 477 U.S. 242 [249-51 n. 5], 106 S.Ct. 2505, 2511 n. 5 [91 L.Ed.2d 202] (1986). As the Court knows, discovery in this case has halted due to disagreements regarding document production by Defendants. Pending Plaintiffs motion to compel (which the Court has deferred while Defendants re-evaluate their position, as the Court requested), Plaintiffs have not yet deposed Defendants or other key 'witnesses. Therefore, Plaintiff is deprived at this time of a fair opportunity to rebut the Defendants’ factual arguments.”
The record also contains a letter from one of Abbey’s lawyers to another that discusses a status conference held by the trial court in May 1992 during which pending discovery issues and Sverdrup’s motion for partial summary judgment were discussed. On July 21, 1992, the trial court entered a partial summary judgment for Sverdrup on Abbey’s Title VII claims. At that time, the court had not yet ruled on Abbey’s motion to compel. *832 The ease proceeded to trial before a jury in June 1993, but the jury was unable to reach a verdict.
In November 1994, Abbey, who was by then representing herself, filed a motion asking the trial court to set aside the partial summary judgment entered in 1992 and asking that she be allowed to amend her Title VII claim to conform to facts contained in her EEOC file and pretrial depositions. The trial court denied her motion. In March 1995, Abbey filed another motion requesting relief from the partial summary judgment. Sverdrup opposed hér motion, and requested that, instead of ruling on the motion, the trial court make the partial summary judgment a final, appealable order pursuant to Rule 54(b), Ala.R.Civ.P. The trial court complied and entered a Rule 54(b) certification. Abbey appeals from that partial summary judgment, made final pursuant to Rule 54(b) three years after its entry.
The mere pendency of discovery does not bar the entry of a summary judgment. Nevertheless, if a trial court from the evidence before it, or an appellate court from the record, can determine that the discovery sought was crucial to the nonmoving party’s ease, then it is error for the trial court to enter a summary judgment before the discovery is provided. Reeves v. Porter, 521 So.2d 963 (Ala.1988). Rule 56(f), Ala.R.Civ. P., protects a party opposing a motion for summary judgment if that opposing party states reasons why he or she cannot present essential facts. Starks v. Commercial Union Ins. Co., 501 So.2d 1214 (Ala.1987). The opposing party has the burden of complying with Rule 56(f) and of proving that the discovery items sought are or may be crucial to his or her case. Reeves, 521 So.2d at 965.
Rule 56(f) provides:
“Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.”
Strict compliance with Rule 56(f) is not required, however. A pending motion to compel has been held to be sufficient compliance. Reeves, 521 So.2d at 965. See also Parrish v. Board of Commissioners of Alabama State Bar, 533 F.2d 942 (5th Cir.1976); Noble v. McManus, 504 So.2d 248 (Ala.1987). Our supreme court has also held that an attorney’s signature on a brief satisfied the affidavit requirement of Rule 56(f) “because the attorney is an officer of the court.” Oliver v. Townsend, 534 So.2d 1038, 1042 (Ala.1988). In Oliver, the attorney did not file an affidavit in strict compliance with Rule 56(f), but he did in his brief set out facts regarding his client’s need for additional discovery. The court found that to be sufficient compliance with the rule.
Sverdrup argues that much of the discovery Abbey sought was in her possession at the time it filed its motion for summary judgment. Abbey contends, however, that only a fraction of the discovery had been provided to her at that time, and the motions to compel and her attorney’s statement in his brief in opposition to the summary judgment motion support her contention. Sverdrup also argues that its motion was limited to the alleged procedural flaw in Abbey’s EEOC charges, that discovery relative to that issue had been provided, and that no material issue of fact remained regarding the EEOC proceedings. Therefore, Sverdrup says, the discovery sought by Abbey was not crucial to her case. In her brief in opposition to Sverdrup’s motion, however, Abbey discussed what she considered to be material factual disputes and argued that receipt of her additional requested discovery was essential in order to allow her to properly respond to Sverdrup’s motion.
When the trial court entered the partial summary judgment in this case, the vast majority of the discovery sought by Abbey was still outstanding. Sverdrup had not yet responded to many of her initial interrogatories and requests for production, despite motions to compel, and she had not yet deposed any of Sverdrup’s representatives or other persons she considered key witnesses. Sverdrup’s failure to provide full responses to Abbey’s discovery requests was pointed out to the trial court in the motions to com *833 pel, one filed shortly after Sverdrup filed its motion for partial summary judgment. Furthermore, Abbey’s counsel brought the pen-dency of the discovery to the attention of the trial court in his brief in opposition to Sverdrup’s motion.
Rule 56(f) “should be liberally applied to allow parties an ample opportunity to marshal necessary facts to support their respective positions.” Starks, 501 So.2d at 1216 (quoting Central Acceptance Corp. v. Colonial Bank of Alabama, N. A, 439 So.2d 144, 147 (Ala.1983)). Abbey argued to the trial court, as she does to this court, that one reason the discovery process was incomplete at the time of the motion for partial summary judgment was because Sverdrup’s opposition to many of her discovery requests had delayed the discovery process. The record clearly indicates that the parties were engaged in several discovery disputes. Under these circumstances, it was error for the trial court to enter the partial summary judgment with discovery pending, after Sverdrup’s failure to provide the requested discovery had been brought to the trial court’s attention.
The judgment dismissing Abbey’s Title VII claims is hereby reversed, and the cause is remanded for further proceedings.
The foregoing opinion was prepared by SAM A BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Aa.Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.