HOUSTON, Justice.
Kathleen M. Abbey sued Sverdrup Corporation and Sverdrup Technology, Inc. (hereinafter collectively referred to as “Sverdr-up”). Her claims included a claim alleging a retaliatory refusal to hire. The trial court entered a partial summary judgment for Sverdrup on that claim. Abbey appealed. The Court of Civil Appeals reversed and remanded for further proceedings on that claim. Abbey v. Sverdrup Corp., 692 So.2d 830 (Ala.Civ.App.1996). We granted certio-rari review.
Abbey’s complaint against Sverdrup sought damages based on claims of breach of contract, promissory estoppel, unjust enrichment, misrepresentation, and concealment. After filing her complaint, Abbey received from the Equal Employment Opportunity Commission (“EEOC”) a “Notice of Right to Sue,” based on a charge of discrimination she had filed against Sverdrup alleging that Sverdrup had discriminated against her on the basis of her sex.[1] On November 80, 1990, the EEOC issued its “Determination” based on its investigation of Abbey’s charge, stating in part as follows:
“All requirements for coverage have been met. Charging Party [Abbey] alleges that she was discriminated against in violation of Title VII in that she was refused employment with Respondent [Sverdrup] because of her sex (Female).
“Examination of the evidence indicates Charging Party was not hired because she was not qualified for the five (5) positions which Respondent was funded for. Although Charging Party was given a written offer of employment, this offer was contingent upon four factors which were clearly stated in the offer. Other persons, male and female, received contingent offers of employment, and were not hired for the same reasons as Charging Party. Respondent employs around 200 persons of which 23% are female and 9.5% female engineers.
“Based on the analysis, [the EEOC has] determined that the evidence obtained during the investigation does not establish a violation of the statute.”
Abbey requested, in writing, that the EEOC review its determination. After doing so, the EEOC affirmed the results of its initial investigation and gave Abbey a “Notice of Right to Sue.” Subsequently, Abbey amended her complaint to add a count alleging a cause of action under Title VII of the Civil Rights Act — retaliation for engaging in protected conduct (i.e., for having filed an employment discrimination charge against a pri- *835 or employer). Thereafter, Sverdrup moved for a partial summary judgment as to the Civil Rights Act claim (sometimes herein referred to as an “EEOC claim”), alleging that Abbey’s complaint alleged a retaliatory failure to hire, not discrimination on the basis of her sex, and that as to that claim she had failed to exhaust her administrative remedy by timely filing a charge of retaliation with the EEOC — that is, that she had failed to file with the EEOC a claim alleging retaliatory discharge, within 180 days of the alleged discrimination. Subsequently, Abbey moved to compel the full production of documents she had requested and complete answers to interrogatories she had served on Sverdrup. The trial court entered a partial summary judgment for Sverdrup as to the EEOC claim, without ruling on Abbey’s motion to compel; it later made that judgment final pursuant to Rule 54(b), AlaJEt.Civ.P.[2]
Abbey appealed, arguing that the partial summary judgment was erroneously entered because, she says, the requested discovery was essential to allow her to properly respond to Sverdrup’s summary judgment motion. The Court of Civil Appeals reversed the judgment for Sverdrup and remanded the case for further proceedings. It based the reversal on what it considered to be the crucial effect of the pending discovery on Abbey’s ease:
“Sverdrup argues that much of the discovery Abbey sought was in [Abbey’s] possession at the time it filed its motion for summary judgment. Abbey contends, however, that only a fraction of the discovery had been provided to her at that time, and the motions to compel and her attorney’s statement in his brief in opposition to the summary judgment motion support her contention. Sverdrup also argues that its motion was limited to the alleged procedural flaw in Abbey’s EEOC charges, that discovery relative to that issue had been provided, and that no material issue of fact remained regarding the EEOC proceedings. Therefore, Sverdrup says, the discovery sought by Abbey was not crucial to her case. In her brief in opposition to Sverdrup’s motion, however, Abbey discussed what she considered to be material factual disputes and argued that receipt of her additional requested discovery was essential in order to allow her to properly respond to Sverdrup’s motion.
[[Image here]]
“... Abbey argued to the trial court, as she does to this court, that one reason the discovery process was incomplete at the time of the motion for partial summary judgment was because Sverdrup’s opposition to many of her discovery requests had delayed the discovery process. The record clearly indicates that the parties were engaged in several discovery disputes. Under these circumstances, it was error for the trial court to enter the partial summary judgment with discovery pending, after Sverdrup’s failure to provide the requested discovery had been brought to the trial court’s attention.”
692 So.2d at 832-833.
Sverdrup argues that the “Court of Civil Appeals erred, in light of existing statutory and ease law, in reversing the ... partial summary judgment, which was based on a very narrow procedural ground, and not on the merits of [Abbey’s] substantive claim” (because Abbey did not satisfy the statutory prerequisite of filing the charge of retaliatory discharge with the EEOC before filing the complaint) and erred in reversing “on the basis that discovery was not complete, when any discovery which was still pending did not relate in any way to the basis and/or grounds on which the trial court granted [Abbey’s] partial summary judgment motion.”
The filing of a charge of discrimination with the EEOC is a condition precedent to the bringing of a Title VII civil action, 42 U.S.C. § 2000e-5(e). The purpose of that requirement is to permit the EEOC to act as *836 a mediator between the employer and the employee so as to encourage the parties to settle disputes without a trial. Alexander v. Gardner-Denver Co., 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). Such a charge must be filed with the EEOC within 180 days of the alleged discriminatory action. 42 U.S.C. § 2000e-5(e). After the EEOC has investigated the charge of discrimination, the individual may institute a Title VII action, upon receiving a right-to-sue letter issued by the EEOC, 42 U.S.C. § 2000e-5(f)(1). However, the scope of the plaintiffs complaint “is limited to the ‘scope’ of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.” Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir.1970) (citing with approval King v. Georgia Power Co., 295 F.Supp. 943 (N.D.Ga.1968)):
“The logic of this rule is inherent in the statutory scheme of Title VIL A charge of discrimination is not filed as a preliminary to a lawsuit. On the contrary, the purpose of a charge of discrimination is to trigger the investigatory and conciliatory procedures of the EEOC. Once the charge has been filed, the Commission carries out its investigatory function and attempts to obtain voluntary compliance with the law. Only if the EEOC fails to achieve voluntary compliance will the matter ever be the subject of court action. Thus it is' obvious that the civil action is much more intimately related to the EEOC investigation than to the words of the charge which originally triggered the investigation. Within this statutory scheme, it is only logical to limit the permissible scope of the civil action to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.”
Abbey’s EEOC charge read as follows:
“On or about 10-1-89, I received a final letter stating there was no position as senior engineer with [Sverdrup],
“The reason given to me was that there was no fit with my background and qualifications.
“I believe that I have been the victim of unlawful discrimination in employment because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended because:
“A. Since September 1988 I received one written offer and several verbal verifications that I would be hired upon receipt of the Marshall contract. I was not hired.”
Abbey’s EEOC count in her complaint read as follows:
“51. At the time [Abbey] accepted [Sverdrup’s] September 28, 1988, offer of employment, [Abbey] completed and returned to [Sverdrup] an application for employment.
“52. In her application for employment [Abbey] disclosed that she had filed a charge of discrimination with the Equal Employment Opportunity Commission (‘EEOC’) against a prior employer.
“53. [Abbey] discussed the status of her application with a representative of [Sverdrup] in April 1989.
“54. [Abbey] was labeled by [Sverdrup] as ‘nothing but trouble.’
“55. [Sverdrup] refused to hire [Abbey] because she opposed an unlawful employment practice or because she filed a charge alleging an unlawful employment practice in violation of § 704 of Title VII, 42 U.S.C. § 2000e-3.
“56. On or about December 12, 1989, [Abbey] filed a charge of discrimination against [Sverdrup] with the EEOC.
[[Image here]]
“58. As a direct and proximate result of [Sverdrup’s] unlawful employment practice, [Abbey] has suffered loss of employment, loss of salary, lost earning capacity, and has incurred attorney’s fees.”
The actions Abbey complained of in her complaint were not the kind of actions that “are like or related” to the scope of an EEOC investigation of her sex discrimination charge. Sanchez, 431 F.2d at 466. Clearly, the factual basis of Abbey’s complaint is retaliation for having engaged in conduct protected under § 704 of Title VII, while the basis of her discrimination charge with the EEOC relates to failure to hire because of “her sex (Female),” not retaliation.
*837 Consequently Abbey failed to meet the statutory prerequisite of filing a charge of retaliatory discrimination with the EEOC before filing a Title VII civil action.
Furthermore, from our review of the record, it appears that when Sverdrup’s motion for partial summary judgment was filed, the discovery matters that were pending pertained to the merits of Abbey’s retaliation claim, not to the procedural grounds on which the trial court entered Sverdrup’s partial summary judgment (specifically, that Abbey had failed to exhaust her administrative remedies under Title VII by timely filing a charge of retaliation). Therefore, Abbey failed to establish that the outstanding requested discovery items were or might have been crucial to her case. Her complaint and her EEOC charge (the only documents relevant to whether the partial summary judgment was properly entered), as well as the EEOC intake questionnaire and the EEOC investigative file, were in her possession from the beginning of the case.
The trial court properly entered the partial summary judgment for Sverdrup. Therefore, we reverse the judgment of the Court of Civil Appeals and remand the ease to that court for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, SHORES, KENNEDY, COOK, and BUTTS, JJ., concur.

. On the same day she filed her charge of discrimination with the EEOC, Abbey contacted the EEOC and completed an "Intake Questionnaire” informing the EEOC of the basis of her charge. Her reasons stated on the questionnaire included sex, age, and the fact that she had previously filed a discrimination charge with the EEOC.

. Two years after the trial court entered the partial summary judgment for Sverdrup, Abbey moved that the trial court "reconsider” the partial summary judgment and allow her to amend her discrimination claim to conform to the facts found in the EEOC file and in a pretrial deposition she had given. The trial court denied the motion. Thereafter, she filed a second motion for relief from the partial summary judgment and a memorandum in support thereof. Sverdr-up opposed the motion and moved the trial court to make the partial summary judgment final.