I find highly persuasive Justice Johnstone's argument that the document to which he refers implicates Fireman's Fund in activities beyond conducting inspections solely for its own benefit. I would be receptive to an argument that such conduct estops Fireman's Fund from relying on the restrictive language of its policy, thereby making it subject to liability as "[o]ne who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things." Restatement (Second) ofTorts § 324A (1965). However, in Armstrong v. Aetna Insurance Co.,448 So.2d 353 (Ala. 1983), this Court held that in an action alleging the tort of negligent inspection the class of beneficiaries to whom a duty is owed is restricted to the insureds under the insurance policy. Stare decisis prevents me from dissenting from the majority's denial of relief to the plaintiffs, who are not insureds under the policy.