HOLMES, Judge.
This is a child custody case.
The Circuit Court of Mobile County awarded the parties’ child, in a divorce proceeding, to the paternal grandparents. The mother appeals and we reverse.
The dispositive issue on appeal is whether the trial court erred to reversal in awarding custody of the child in a divorce proceeding to the paternal grandparents, who were not parties to the proceeding. As indicated above, we answer in the affirmative and reverse.
The husband filed for divorce and asked for custody of the minor child of the parties. This child is less than two years of age. The wife answered and also requested custody of the child. Thereafter, a hearing was held and temporary custody of the child was awarded to the paternal grandparents. The testimony, etc., given at the hearing wherein temporary custody was awarded to the paternal grandparents is not contained in the record before this court.
Approximately four months after the hearing referred to above, the divorce was heard on the merits. After an ore tenus hearing, the learned trial judge divorced the parties and awarded permanent custody of the child to the paternal grandparents. It is from this order, as it relates to the custody award, that the mother appeals. Specifically, the granting of the divorce is not before this court.
The mother contends in brief that the award of custody of the minor child to the paternal grandparents, who were nonparties, is a denial of her right to due process of law because the mother had no notice or opportunity to be heard regarding this issue. She cites to this court Anonymous v. Anonymous, Ala.Civ.App., 353 So.2d 510, rev., Ala., 353 So.2d 515, on remand, Ala.Civ.App., 353 So.2d 519, cert. denied, Ala., 353 So.2d 520 (1977). The father and/or paternal grandparents have not favored this court with a brief.
The Supreme Court of Alabama, in reversing this court in Anonymous, supra, clearly held that the award of custody of a minor child to nonparty paternal grandparents, without notice to the mother and an opportunity to be heard was a denial of due process. The supreme court cited U.S.C.A. Const. Amend. 14.
The decree in this instance is violative of the supreme court’s decision in Anonymous, supra, and this court must reverse. We find the above, even though the grandparents were awarded temporary custody at a prior hearing. Our careful review of the record clearly reveals that the custody dispute centered around and was focused upon the parties. See Anonymous, supra. The following is found in the record and is representative:
“COURT: Mr. Gatchel tell me in your own words why you feel it would be to the best interest of Amanda that the Court award you custody of her and not your wife?
[[Image here]]
“COURT: If the Court were to award you custody would you have to leave your child with a babysitter?
[[Image here]]
“COURT: I’m going to ask you the same question now that I asked your husband. Tell me why you feel it would be to the best interest of your daughter that you be awarded custody of her and not your husband?
*188 “A Because I think a child should be with its mother the first few years and I think I can give her the love that she needs.”
In view of the above, this court has no alternative but to reverse the trial court.
We would note that since the above requires reversal, it would not be appropriate for this court to comment upon the evidence as it relates to the fitness of parents.
The appellant has requested that this court award a fee to her attorney for representing her in this appeal. A fee is hereby awarded of $350.
The case is due to be reversed and remanded.
REVERSED AND REMANDED.
WRIGHT, P. J., and BRADLEY, J., concur.