Scott Christopher Hobbs ("the father") appeals from a judgment entered by the Madison Circuit Court purporting to amend a prior judgment. Dorarena Kay Heisey ("the mother") cross-appeals. We dismiss both the appeal and the cross-appeal as being from a void judgment.
 Procedural History
On June 16, 2000, the father and the mother were divorced by the Madison Circuit Court. Pursuant to that judgment, the father and the mother were awarded joint legal and physical custody of their minor child. On March 19, 2002, the court entered a judgment modifying the divorce judgment; under the 2002 judgment, the parents retained joint legal and physical custody of the child. On October 12, 2005, the mother filed a petition requesting that she be awarded primary physical custody of the child, that the court incorporate the "Standard Parenting Clauses routinely utilized by . . . the [c]ourt," that she be awarded child support, and that she be awarded her fees and expenses.
On November 21, 2005, the father filed his answer to the petition; he also filed a counterclaim in which he requested that, if the court were to determine that a change in custody was warranted, he be awarded primary physical custody of the child and child support. Further, the father requested that the court hold the mother in contempt for her alleged failure to comply with the prior orders of the court and that he be awarded an attorney fee. The mother answered the counterclaim on November 29, 2005.
On January 19, 2006, the mother filed an amendment to her petition requesting that the court hold the father in contempt. After an ore tenus hearing, the court entered a judgment on March 22, 2006. The judgment provided that the parties would continue to share legal and physical custody of the child. The judgment further provided:
 "This Court's decision should not be interpreted by anyone that the Defendant father's actions in disciplining the child in the past are considered to be appropriate. In fact, such conduct and actions by the father in the future, if proven, will result in appropriate action by the Court by way of sanctions and modifications as necessary."
The court ordered each party to pay their own attorney fees and denied both motions for contempt.
On April 12, 2006, the father filed a motion to alter or amend the March 22, 2006, judgment, requesting that it clarify what forms of discipline it deemed unacceptable. On April 20, 2006, the mother responded to the father's April 12, 2006, motion; she also filed a motion for a new trial or, in the alternative, to alter or amend the March 22, 2006, judgment. In her motion, she requested that the trial court award her primary physical custody of the child, incorporate the "standard parenting clauses" used in the Madison Circuit Court, award her an attorney fee, and hold the father in contempt.
On June 28, 2006, the trial court withdrew its March 22, 2006, judgment and entered an amended judgment awarding primary physical custody of the child to the mother, incorporating the "standard parenting clauses," awarding child support to the mother, finding the father in contempt, and awarding the mother an attorney fee.
On July 27, 2006, the father filed a motion to alter or amend the June 28, 2006, judgment. He requested that the court *Page 823 
order that the parties share legal and physical custody of the child, that the court vacate its finding of contempt and its award of an attorney fee to the mother, and that the court find the mother in contempt and award him an attorney fee. The mother responded to the father's July 27, 2006, motion on September 12, 2006.
On September 29, 2006, the court held a hearing on the father's July 27, 2006, motion and, on October 26, 2006, 91 days after the postjudgment motion had been filed, the court purported to grant the father's motion and to enter an amended judgment. On December 1, 2006, the father filed his notice of appeal; on December 7, 2006, the mother cross-appealed.
 Discussion
Even though the issue has not been addressed by either party, this court must first determine whether the trial court had jurisdiction to enter the October 26, 2006, judgment from which both parties appeal. "Jurisdictional matters are of such importance that a court may take notice of them ex meromotu." McMurphy v. East Bay Clothiers, 892 So.2d 395, 397
(Ala.Civ.App. 2004).
"Rule 59.1, [Ala.] R. Civ. P.[,] is clear that a postjudgment motion is denied by operation of law if the trial court fails to dispose of it within ninety days." Nunnery v.Nunnery, 587 So.2d 1214, 1214 (Ala.Civ.App. 1991). After the 90-day period has run, a trial court no longer has jurisdiction to rule on a postjudgment motion. Id.
Therefore, any judgment entered after the 90-day period has expired is void and will not support an appeal. Id.
In the present case, because the October 26, 2006, judgment was entered after the 90-day period to rule on a postjudgment motion had expired, that judgment is void and will not support an appeal. Nunnery, 587 So.2d at 1215. Because the parties have only sought review of the void October 26, 2006, judgment, we must dismiss the appeal and the cross-appeal.Id.
The mother's request for the award of an attorney fee on appeal is denied. The father's request for the award of an attorney fee on appeal is also denied.
APPEAL DISMISSED; CROSS-APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.