MOORE, Judge.
Scott Christopher Hobbs (“the father”) appeals from the denial of his motion filed pursuant to Rule 60(b), Ala. R. Civ. P. We affirm.
This is the second time these parties have been before this court. See Hobbs v. Heisey, 979 So.2d 821 (Ala.Civ.App.2007) (“Hobbs I ”). In Hobbs I, we set forth the relevant procedural history as follows:
“On June 16, 2000, the father and [Dorarena Kay Heisey,] the mother[,] were divorced by the Madison Circuit Court Pursuant to that judgment, the father and the mother were awarded joint legal and physical custody of then-minor child. On March 19, 2002, the court entered a judgment modifying the divorce judgment; under the 2002 judgment, the parents retained joint legal and physical custody of the child. On October 12, 2005, the mother filed a petition requesting that she be awarded primary physical custody of the child, that the court incorporate the ‘Standard Parenting Clauses routinely utilized by ... the [c]ourt,’ that she be awarded child support, and that she be awarded her fees and expenses.
“On November 21, 2005, the father filed his answer to the petition; he also filed a counterclaim in which he requested that, if the court were to determine that a change in custody was warranted, he be awarded primary physical custody of the child and child support. Further, the father requested that the court hold the mother in contempt for her alleged failure to comply with the prior orders *531 of the court and that he be awarded an attorney fee. The mother answered the counterclaim on November 29, 2005.
“On January 19, 2006, the mother filed an amendment to her petition requesting that the court hold the father in contempt. After an ore tenus hearing, the court entered a judgment on March 22, 2006. The judgment provided that the parties would continue to share legal and physical custody of the child. The judgment further provided:
“ ‘This Court’s decision should not be interpreted by anyone that the ... father’s actions in disciplining the child in the past are considered to be appropriate. In fact, such conduct and actions by the father in the future, if proven, will result in appropriate action by the Court by way of sanctions and modifications as necessary.’
“The court ordered each party to pay their own attorney fees and denied both motions for contempt.
“On April 12, 2006, the father filed a motion to alter or amend the March 22, 2006, judgment, requesting that it clarify what forms of discipline it deemed unacceptable. On April 20, 2006, the mother responded to the father’s April 12, 2006, motion; she also filed a motion for a new trial or, in the alternative, to alter or amend the March 22, 2006, judgment. In her motion, she requested that the trial court award her primary physical custody of the child, incorporate the ‘standard parenting clauses’ used in the Madison Circuit Court, award her an attorney fee, and hold the father in contempt.
“On June 28, 2006, the trial court withdrew its March 22, 2006, judgment and entered an amended judgment awarding primary physical custody of the child to the mother, incorporating the ‘standard parenting clauses,’ awarding child support to the mother, finding the father in contempt, and awarding the mother an attorney fee.
“On July 27, 2006, the father filed a motion to alter or amend the June 28, 2006, judgment. He requested that the court order that the parties share legal and physical custody of the child, that the court vacate its finding of contempt and its award of an attorney fee to the mother, and that the court find the mother in contempt and award him an attorney fee. The mother responded to the father’s July 27, 2006, motion on September 12, 2006.
“On September 29, 2006, the court held a hearing on the father’s July 27, 2006, motion and, on October 26, 2006, 91 days after the postjudgment motion had been filed, the court purported to grant the father’s motion and to enter an amended judgment. On December 1, 2006, the father filed his notice of appeal; on December 7, 2006, the mother cross-appealed.”
979 So.2d at 822-23.
On appeal and cross-appeal, this court noted that, “because the October 26, 2006, judgment was entered after the 90-day period to rule on a postjudgment motion had expired, that judgment is void and will not support an appeal.” Hobbs I, 979 So.2d at 823. Therefore, in Hobbs I, which was released on August 17, 2007, we dismissed the appeal and the cross-appeal. Id.
Thereafter, on August 24, 2007, the father filed a motion for relief from the June 2006 judgment, pursuant to Rule 60(b)(5) and (6), Ala. R. Civ. P.[1] That motion was denied on September 12, 2007.
*532 On appeal, the father argues that the trial court exceeded its discretion in denying his Rule 60(b) motion. He argues that he is entitled to relief from the June 2006 amended judgment pursuant to Rule 60(b)(6) because, he says, the trial court entered the June 2006 amended judgment without taking additional evidence and because the trial court intended to vacate that judgment but failed to do so within the 90-day period provided by Rule 59.1, Ala. R. Civ. P.
“When considering Rule 60(b) motions, trial courts ‘attempt to balance the desire to remedy injustice against the need for finality of judgments.’ Raine v. First Western Bank, 362 So.2d 846, 848 (Ala.1978). ‘Whether to grant or deny relief under Rule 60(b)(6) is within the discretion of the trial judge, and the trial judge’s ruling on that question will not be reversed except for an abuse of that discretion.’ Ex parte American Resources Ins. Co., 663 So.2d 932, 936 (Ala.1995).”
Ex parte Wal-Mart Stores, Inc., 725 So.2d 279, 283 (Ala.1998).
“‘The “catch all” provision of clause (6) of Rule 60(b) allows a trial court to grant relief from a judgment for “any other reason justifying relief.” Barnett v. Ivey, 559 So.2d 1082, 1084 (Ala.1990). “ ‘Relief under Rule 60(b)(6) is reserved for extraordinary circumstances, and is available only in cases of extreme hardship or injustice.’ ” Chambers County Comm’rs v. Walker, 459 So.2d 861, 866 (Ala.1984) (quoting Douglass v. Capital City Church of the Nazarene, 443 So.2d 917, 920 (Ala.1983)). Clause (6), however, is mutually exclusive of the specific grounds of clauses (1) through (5), and a party may not obtain relief under clause (6) if it would have been available under clauses (1) through (5) .... Because clause (6) operates exclusively of the specific grounds listed in clauses (1) through (5), this Court has stated that a party may not escape the four-month limitation applicable to clauses (1) through (3) merely by characterizing the motion as seeking relief under clause (6).’
“[R.E. Grills, Inc. v. Davison,] 641 So.2d [225] at 229 [ (Ala.1994) ].
“Although grounds for relief under Rule 60(b)(1) generally cannot be used to provide relief under Rule 60(b)(6), our supreme court has recognized an exception when, in the interest of justice, ‘aggravating circumstances may allow a trial court to treat what would otherwise be a Rule 60(b)(1) motion as a Rule 60(b)(6) motion.’ Ex parte Wal-Mart Stores, Inc., 725 So.2d 279, 284 (Ala.1998). See also R.E. Grills, Inc. v. Davison, supra; Ex parie Oden, 617 So.2d 1020 (Ala.1992); Giles v. Giles, 404 So.2d 649 (Ala.1981).
“In Giles, the court quoted the following from 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2864 (1973):
“ ‘ “A quite typical kind of case is that in which a party comes in more than a year [four months] after judgment to assert that he is the victim of some blunder by his counsel. Claims of this kind seem to fit readily enough within such grounds as mistake, inadvertence, and excusable neglect, all stated in clause (1) [of Rule 60(b) ], and courts frequently have so reasoned and held that clause (6) was inapplicable. But if the court is persuaded that the interests of justice so require, it is likely to find aggravating circumstances sufficient to permit it to say that the case is properly within clause (6).” ’
*533 “404 So.2d at 651. Our supreme court, however, has generally limited the ‘aggravating circumstances’ exception to
“ ‘ “circumstances where the dismissal was the result of mistake, inadvertence, or neglect of counsel and where, despite all diligence exercised to protect his own interests, the client was unable to reasonably protect his interests because he ivas misled about the status or conduct of his case by his counsel.” ’
“Ex parte Wal-Mart Stores, Inc., 725 So.2d at 284 (quoting R.E. Grills, Inc. v. Davison, 641 So.2d at 230) (emphasis added). See also R.J. Reynolds Tobacco Co. v. Cantley, 717 So.2d 751, 758 n. 3 (Ala.1998); Ex parte Oden, 617 So.2d at 1027. According to the court, the aggravating circumstances exception
“ ‘applies to an extraordinary circumstance not contemplated by Rule 60(b)(1), for the purpose of protecting the public, vindicating the judicial process, and promoting the public’s confidence in the legal system.’
“R.E. Grills, Inc. v. Davison, 641 So.2d at 230; Ex parte Oden, 617 So.2d at 1027.”
Ex parte Spriggs Enters., 879 So.2d 587, 590-91 (Ala.Civ.App.2003).
Further, Rule 60(b) cannot be used as a substitute for an appeal of a final judgment. See E.S.R. v. Madison County Dep’t of Human Res., [Ms. 2060800, March 28, 2008] — So.3d -, - (Ala.Civ.App.2008).
Initially, we note that the circumstances presented in this case are appropriately addressed by Rule 60(b)(1), which provides for relief from a judgment due to “mistake, inadvertence, surprise, or excusable neglect.” The father mistakenly failed to recognize that the trial court’s October 2006 judgment purporting to amend the June 28, 2006, amended judgment had been entered after the 90-day period had elapsed. Instead of appealing from the June 2006 judgment, the father mistakenly appealed from the void October 2006 judgment, raising issues relating to the void October 2006 judgment. Motions filed pursuant to Rule 60(b)(1) must be filed within four months of the entry of the judgment; accordingly, the father was precluded from relying on that subsection.
The father argues that the facts of this case present sufficient aggravating circumstances to warrant the grant of his motion pursuant to subsection (6) of Rule 60(b). We disagree. These circumstances simply do not rise to the level of “an extraordinary circumstance not contemplated by Rule 60(b)(1)” R.E. Grills, Inc. v. Davison, 641 So.2d 225, 230 (Ala.1994); see also Watson v. Watson, 696 So.2d 1071 (Ala.Civ.App.1997) (plurality opinion) (reversing the trial court’s grant of a party’s Rule 60(b)(6) motion based on similar circumstances). Finally, we note that the father cannot use Rule 60(b) as a substitute for an appeal of the June 2006 judgment. See E.S.R. v. Madison County Dep’t of Human Res., — So.3d at -.
Based on the foregoing, we affirm the trial court’s denial of the father’s motion filed pursuant to Rule 60(b)(5) and (6).
The mother’s request for the award of an attorney fee on appeal is denied.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. On appeal, the father does not argue the grounds set forth in Rule 60(b)(5).