MOORE, Judge.
Scott Christopher Hobbs (“the father”) appeals from a judgment of the Madison Circuit Court (“the trial court”) that denied his motion to vacate all judgments or orders regarding the custody of B.C.H. (“the child”) that were entered after March 2002. We affirm.

Procedural Background

The father and Dorarena Kay Heisey (“the mother”) are the parents of the child, who was born in February 1997 during the parties’ marriage. The parties separated when the child was a toddler and were *189 eventually divorced by a judgment entered by the trial court in 2000. By agreement, the parties shared joint legal and physical custody of the child until June 2006, when the trial court awarded the mother sole physical custody of the child. See § 30-3-151(5), Ala.Code 1975 (defining “sole physical custody” as “[o]ne parent has sole physical custody and the other parent has rights of visitation except as otherwise provided by the court”). The father filed a postjudgment motion under Rule 59, Ala. R. Civ. P., requesting, among other things, that the trial court vacate the June 2006 judgment and reinstate the joint-physical-custody arrangement. The trial court purported to grant that motion and to enter an amended judgment, but only after the motion had already been denied by operation of law, see Rule 59.1, Ala. R. Civ. P. (stating that, in general, a postjudgment motion filed pursuant to Rule 59 shall be automatically denied if not ruled upon within 90 days of its filing); this court determined that the amended judgment was void. See Hobbs v. Heisey, 979 So.2d 821, 823 (Ala.Civ.App.2007) (“Hobbs I”). The father subsequently moved the trial court to vacate the June 2006 judgment under Rule 60(b)(6), Ala. R. Civ. P. The trial court denied that motion, and this court subsequently affirmed that judgment on appeal. Hobbs v. Heisey, 6 So.3d 529 (Ala.Civ.App.2008) (“Hobbs II”).
The instant proceedings began when the father filed a petition to modify his child-support obligation based on the loss of his supplemental part-time employment. The father amended his petition several times, eventually requesting that the trial court modify the June 2006 judgment to restore the prior joint-custody arrangement and moving the trial court, pursuant to Rule 60(b)(4), Ala. R. Civ. P., to vacate all judgments and orders regarding the custody of the child that had been entered after March 2002, which was the date the last judgment was entered confirming the agreement of the parties to share joint custody of the child. The trial court entered an order on July 18, 2011, denying the father’s Rule 60(b)(4) motion. The trial court subsequently entered a final judgment on October 31, 2011, disposing of the remaining issues in the case. The father timely appealed. This court held oral argument on May 1, 2012.

Issues

The father argues that the trial court violated his constitutional rights to due process, equal protection, and freedom of association when it entered the October 2011 judgment denying his motion to vacate.

Analysis

Rule 60(b) provides, in pertinent part:
“On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void.”
“ ‘ “A judgment is void only if the court that rendered it [1] lacked jurisdiction of the subject matter, or [2] of the parties, or [3] if it acted in a manner inconsistent with due process.”’” M.H. v. Jer. W., 51 So.3d 334, 337 (Ala.Civ.App.2010) (quoting Neal v. Neal, 856 So.2d 766, 781 (Ala.2002), quoting in turn Seventh Wonder v. Southbound Records, Inc., 364 So.2d 1173, 1174 (Ala.1978)) (emphasis added).
As the basis for his Rule 60(b)(4) motion, the father maintained that he has a fundamental right to the care, custody, companionship, and control of the child. See, e.g., Troxel v. Granville, 530 U.S. 57, 65, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000) (“The liberty interest at issue in this case — the interest of parents in the care, custody, and control of their children — is perhaps the oldest of the fundamental lib *190 erty interests recognized by this Court.”). The father argues that the June 2006 judgment infringed on his fundamental custodial rights by modifying the parties’ joint-physical-and-legal-custody arrangement so as to leave him with substantially less associational time with, and considerably less authority over, the child. “State action that limits a fundamental right is generally subject to strict scrutiny.” Ex parte E.R.G., 73 So.3d 634, 645 (Ala.2011). Under a strict-scrutiny analysis, the state must “show a compelling interest, advanced by the least restrictive means.” Id. The father maintains that, using a strict-scrutiny analysis, the trial court could not have modified the prior joint-custody arrangement unless it found from clear and convincing evidence that it needed to do so in order to protect the child from the father because the father was unfit to parent the child and posed a threat of substantial harm to the child. See generally Ex parte E.R.G., 73 So.3d at 644 (“In this context, ... the Constitution requires that a prior and independent finding of parental unfitness must be made before the court may proceed to the question whether an order disturbing a parent’s ‘care, custody, and control’ of his or her child is in that child’s best interests.”). The father argues that, because the trial court had never found the father to be unfit, the June 2006 judgment was entered in a manner inconsistent with due process and is therefore void.
In Life Insurance Co. of Georgia v. Smith, 719 So.2d 797, 806 (Ala.1998), the supreme court declared that, in order to be consistent with due process, a jury must award either compensatory or nominal damages in order to support an award of punitive damages. In Ex parte Third Generation, Inc., 855 So.2d 489, 490 (Ala.2003), Stephen Wilson, relying on our supreme court’s holding in Smith, filed a Rule 60(b)(4) motion in 2002 asserting that a 1993 judgment, which had been entered on a jury’s verdict awarding Third Generation, Inc., $0 in compensatory damages and $125,000 in punitive damages on its claims against Wilson, should be set aside as void because it had been entered in a manner inconsistent with due process. The trial court subsequently granted Wilson’s motion. Id. Third Generation petitioned the supreme court for a writ of mandamus directing the trial court to, among other things, reinstate the 1993 judgment. 855 So.2d at 491. In granting the petition for the writ of mandamus, the supreme court stated, in pertinent part:
“As stated above, Satterfield [v. Winston Industries, Inc., 553 So.2d 61 (Ala.1989),] includes in the definition of a ‘void’ judgment for purposes of Rule 60(b)(4)[, Ala. R. Civ. P.,] those judgments in which the trial court has ‘acted in a manner inconsistent with due process.’ 553 So.2d at 64. However, as we recently discussed in Neal v. Neal, 856 So.2d 766 (Ala.2002), the term ‘due process,’ in the context of providing a foundation for declaring a judgment void, refers to procedural, rather than substantive, due process:
“ ‘ “[I]t is established by the decisions in this and in Federal jurisdictions that due process of law means notice, a hearing according to that notice, and a judgment entered in accordance with such notice and hearing.”
“ ‘Frahn v. Greyling Realization Corp., 239 Ala. 580, 583, 195 So. 758, 761 (1940)(emphasis added [in Neal ]). The rule that a want of due process, so defined, voids a judgment is not redundant with the rule that a want of personal jurisdiction likewise voids a judgment, for a person already effectively made a party to litigation could, on some critical motion or for some *191 critical proceeding within that litigation, be deprived of the “notice, a hearing according to that notice, and a judgment entered in accordance with such notice and hearing,” required by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, Frahn, supra. See Winhoven v. United States, 201 F.2d 174 (9th Cir.1952), Bass v. Hoagland, 172 F.2d 205 (5th Cir.1949), Cassioppi [v. Damico, 536 So.2d 938 (Ala.1988) ], and Seventh Wonder [v. Southbound Records, Inc., 364 So.2d 1173 (Ala.1978) ].’
“Neal, 856 So.2d at 781-82.
“Because our decision in [Life Insurance Co. of Georgia v.] Smith [, 719 So.2d 797 (Ala.1998),] was based on substantive due-process grounds (following the lead of the United States Supreme Court’s BMW [of North America v. Gore, 517 U.S. 559 (1996),] decision), the Smith rationale may not be used as a ground for declaring a judgment void under Rule 60(b)(4). Therefore, the original judgment entered on the jury’s verdict was not void, and the trial court erred in granting Wilson’s Rule 60(b)(4) motion.”
855 So.2d at 492-93.
Notably, in the present case, the father did not claim in his Rule 60(b)(4) motion that the trial court, in the proceedings that resulted in the June 2006 judgment, had failed to provide him proper notice or an opportunity to be heard on the issue whether the joint-custody arrangement should be modified. The father also did not contend that the judgment awarding the mother sole physical custody of the child did not address an issue litigated by the parties in 2006. Instead, the father asserted only that the trial court had failed to require clear and convincing evidence of his unfitness before modifying the joint-custody arrangement. Assuming that the trial court erred in that regard, any such error would have amounted solely to a violation of substantive, not procedural, due process. Hence, under Ex parte Third Generation, Inc., supra, that alleged error cannot serve as a basis for vacating the June 2006 judgment under Rule 60(b)(4). 855 So.2d at 493.
We recognize that the trial court did not reject the father’s Rule 60(b)(4) motion based on the distinction between procedural and substantive due process, but we review the denial of a Rule 60(b)(4) motion de novo. Looney v. State, 60 So.3d 293, 296 (Ala.Civ.App.2010). Moreover, “[i]n reviewing a trial court’s judgment, we are not limited by the reasoning the trial court applied in reaching its judgment. Instead, we can affirm a trial court’s judgment if it was correct for any valid legal reason.” Rogers v. Penske Truck Leasing Co., 37 So.3d 780, 789 (Ala.Civ.App.2009). Thus, the only question for review by this court is the legal question whether the judgment is void. Nationwide Mut. Fire Ins. Co. v. Austin, 34 So.3d 1238, 1242 (Ala.2009). Having determined that the 2006 judgment is not void, we conclude that the trial court did not err in refusing to set that judgment aside.
Because the 2006 judgment awarded the mother sole physical custody of the child, the trial court could modify that aspect of the 2006 judgment only based on the standard set forth in Ex parte McLendon, 455 So.2d 863 (Ala.1984). At oral argument, counsel for the father clarified that the father was not contesting the constitutionality of the McLendon standard. Furthermore, in his brief to this court, the father does not argue that the trial court erred in denying his petition to modify custody based on the McLendon standard. Any additional arguments he makes relate solely to the constitutionality *192 of the June 2006 judgment and the statutes upon which the trial court relied in modifying the joint-custody arrangement in June 2006. However, on appeal from the denial of a motion for relief from a judgment, this court cannot review issues addressed to the correctness of the underlying judgment. See Malloy v. Sullivan, 431 So.2d 514, 515 (Ala.1983). Any arguments the father makes concerning the correctness of the 2006 judgment should have been raised in any appeal of that judgment, and the father cannot now use Rule 60(b) as a substitute for an appeal of that judgment. See Hobbs II, 6 So.3d at 533 (“Rule 60(b) cannot be used as a substitute for an appeal of a final judgment”).
The mother’s request for the award of attorney fees on appeal is denied.
AFFIRMED.
THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
BRYAN, J., concurs specially.