DONALDSON, Judge.
A.S. ("the mother") appeals from an order of the Winston Juvenile Court ("the juvenile court") denying her motion filed pursuant to Rule 60(b)(4), Ala. R. Civ. P., seeking relief from the juvenile court's order entered on March 4, 2014, which we determine was interlocutory, and its final judgment entered on November 25, 2014. Despite any procedural deficiencies that might have been present regarding the entry of the March 4, 2014, order, the mother has not established that she was deprived of procedural due process regarding the entry of the November 25, 2014, judgment. Therefore, we affirm the order denying relief from the judgment.
Facts and Procedural History
On July 5, 2006, H.C.B. ("the child") was born to the mother and T.R.B., Jr. ("the father"), who were not married. The mother and the father continued to live together for approximately one or two years after the child's birth, when the mother and the child moved out of the home they had shared. After the mother and the child moved out, the father exercised visitation with the child every weekend until the mother and the father began having issues communicating with each other in 2013. In June 2013, the mother filed a petition in the juvenile court to establish paternity, child support, and custody of the child. The father filed an answer admitting paternity of the child and counterclaimed seeking custody.
On March 3, 2014, the juvenile court held a trial on the mother's petition and the father's counterclaim. The evidence indicated that the child had been living with the mother and D.S., a woman with whom the mother had a close relationship. The mother alleged, among other things, that the father had a drug problem, but no similar allegations were made regarding the mother. Both parents, however, were ordered to submit to drug screens while present in court. The mother's drug screen tested positive for the presence of THC, a component of marijuana. The father's drug screen also tested positive for the presence of THC and also indicated a faint trace of methamphetamine. The juvenile court chastised both parents for apparently lying about their drug use. At the conclusion of a hearing, the juvenile court stated:
"And the whole time we're talking about what's in [the child's] best interest. You know, what are we going to do? And I'm just-I'm really-I'm upset and I'm disappointed in the both of you.
"And here's what we're going to do. We're not doing the final order today. We're going to do a temporary order. Y'all are submitting income affidavits. [P.B. and T.R.B., Sr., the child's paternal grandparents], y'all haven't prepared on it, but you have custody of [the child] for the next six months.
"And the two of y'all [i.e., the parents] are going to go to court referral. You're going to get every other weekend visitation. You're going to get every other weekend visitation. [The father is] not to have any visitation any more than [the mother] has.
"Both of [the parents] are going to go and take drug tests on Friday before they pick up [the child]. And they're going to sit there, and they're going to *966 show [the paternal grandparents] the drug test. And if they've failed, [the paternal grandparents] are authorized by the Court to deny them visitation.
"I'm going to be clear with both of y'all. If something ain't changed in the next six months, y'all [i.e., the paternal grandparents] gear up. You're getting custody. And here's-no. And here's the thing. Y'all [i.e., the parents] have done this to yourselves."
On March 4, 2014, the day following the hearing, the juvenile court entered an order in which it joined T.R.B., Sr., and P.B. ("the paternal grandparents") as parties to the action, granted "temporary" custody of the child to the paternal grandparents, and granted visitation to the parents. In the same order, the juvenile court set the case for a trial on October 15, 2014. On March 18, 2014, the mother filed what she styled as a motion to alter, amend, or vacate the juvenile court's March 4, 2014, order, but the juvenile court did not rule on the motion. In the same order, the juvenile court set the case for a trial on October 15, 2014. Aside from later filing a Rule 60(b) motion, the mother took no further action to challenge any aspect of the March 4, 2014, order. On October 9, 2014, six days before the scheduled trial, the paternal grandparents filed a motion that they entitled "Intervenors' Motion for Custody."
On October 15, 2014, the juvenile court held a trial. Testimony was presented from the mother, from the father, and from P.B., the paternal grandmother. At trial, the mother did not raise any objections to the juvenile court's order of March 4, 2014, that had added the paternal grandparents as parties to the action, and she did not raise any objection to the participation of the paternal grandparents in the trial. Following the presentation of the evidence, the juvenile court then indicated that it would take the matter under advisement and issue an order.
On November 25, 2014, the juvenile court entered a judgment granting custody of the child to the paternal grandparents and visitation to the mother. On December 9, 2014, the mother filed a motion to alter, amend, or vacate the juvenile court's November 25, 2014, judgment. On February 24, 2015, after a hearing, the juvenile court entered an order purporting to deny the mother's postjudgment motion; however, that order was void because the mother's postjudgment motion had been denied by operation of law on December 23, 2014. See Rule 1(B), Ala. R. Juv. P. The mother filed a notice of appeal on April 7, 2015. That appeal was dismissed by this court as untimely on June 2, 2015, because the time to appeal from the November 25, 2014, judgment had expired 14 days after the date the mother's postjudgment motion was denied. Rule 28(C), Ala. R. Juv. P.
On August 28, 2016, the mother filed a motion in the juvenile court seeking relief from the November 25, 2014, judgment pursuant to Rule 60(b)(4), Ala. R. Civ. P. In that motion, the mother asserted that both the March 4, 2014, order and the November 25, 2014, judgment were void. On September 1, 2016, the juvenile court entered an order denying the mother's motion. On September 14, 2016, the mother appealed that order to this court.
On appeal, the mother argues that the juvenile court's March 4, 2014, order and November 25, 2014, judgment granting custody to the paternal grandparents violated the mother's fundamental right to custody of the child and her procedural-due-process rights.
Standard of Review
"'The standard of review on appeal from the denial of relief under Rule 60(b)(4) is not whether there has been an abuse of discretion. When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), *967 discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process.'"
Ex parte R.S.C., 853 So.2d 228, 236 (Ala. Civ. App. 2002) (quoting Insurance Mgmt. & Admin., Inc. v. Palomar Ins. Corp., 590 So.2d 209, 212 (Ala. 1991) ). Furthermore, "[a] judgment is void and may be set aside at any time under Rule 60(b)(4), Ala. R. Civ. P., if it was entered in a manner inconsistent with due process." T.L. v. W.C.L., 203 So.3d 66, 69 (Ala. Civ. App. 2016) (citing Ex parte Full Circle Distrib., L.L.C., 883 So.2d 638, 641 (Ala. 2003) ).
"[A]n appeal from the denial of a Rule 60(b)(4) motion does not vest the court to which the appeal is taken with jurisdiction to review the judgment challenged by the Rule 60(b)(4) motion; rather, it vests the court to which the appeal is taken with jurisdiction to review only the propriety of the lower court's ruling on the Rule 60(b)(4) motion."
Ex parte J.L.P., [Ms. 2150813, Feb. 3, 2017] 230 So.3d 396, 399 (Ala. Civ. App. 2017).
Discussion
The proceedings before the juvenile court involved a custody dispute between the parents of a child. A petition seeking to have the child declared dependent was not filed. The mother first argues that the juvenile court lacked the authority to grant custody of the child to the paternal grandparents absent an express finding that she was unfit or that the child was dependent. Consideration of those issues would require us to review the propriety of the findings made in the juvenile court's March 4, 2014, order and November 25, 2014, judgment regarding the mother's substantive-due-process rights-an issue that could have been addressed on appeal had a timely appeal been taken. Because a timely appeal was not taken, however, our review is limited to whether the mother's Rule 60(b)(4) motion should have been granted, and a violation of the mother's substantive-due-process rights in entering the judgment to which the mother's Rule 60(b)(4) motion is directed cannot serve as a basis for granting the Rule 60(b)(4) motion. See Hobbs v. Heisey, 118 So.3d 187, 191 (Ala. Civ. App. 2012) (holding that the failure to require clear and convincing evidence of parental unfitness before placing custody with a nonparent amounts only to a violation of substantive, not procedural, due process and, therefore, cannot serve as a basis for vacating a judgment under Rule 60(b)(4) ). We cannot review the merits of the underlying judgment-we can determine only whether the judgment is void and, thus, whether the Rule 60(b)(4) motion should have been granted. See Ex parte J.L.P., 230 So.3d at 401.
In contrast to a violation of a party's substantive-due-process rights in the entry of the underlying judgment, a violation of a party's procedural-due-process rights in the entry of the underlying judgment can serve as a basis for vacating the judgment pursuant to Rule 60(b)(4), because a judgment entered without affording a party procedural due process is void. Ex parte Third Generation, Inc., 855 So.2d 489, 492 (Ala. 2003). Procedural " 'due process... means notice, a hearing according to that notice, and a judgment entered in accordance with such notice and hearing.' " Neal v. Neal, 856 So.2d 766, 782 (Ala. 2002) (quoting Frahn v. Greyling Realization Corp., 239 Ala. 580, 583, 195 So. 758, 761 (1940) ).
The mother argues that the March 4, 2014, order is void because she lacked notice that custody of the child might be granted to the paternal grandparents, *968 who, at that time, were not parties to the action, and an opportunity to defend against such an award of custody. Before addressing the merits of the mother's argument, we must determine whether that order constitutes a final judgment, because "[R]ule 60(b) appl[ies] solely to final judgments" and cannot be used to challenge an interlocutory pendente lite order. Ex parte Seibert, [Ms. 2160006, Jan. 6, 2017] 231 So. 3d 1111, 1113 (Ala. Civ. App. 2017). We must therefore determine whether the March 4, 2014, order was an interlocutory pendente lite order or a final order addressing "temporary" custody.
"A 'temporary order' as to custody or a 'temporary custody award' is generally considered a final order, but a pendente lite custody order is not a final order. Ex parte J.P., 641 So.2d 276, 278 (Ala. 1994).
"A pendente lite custody order is an order that is effective only during the pendency of the litigation in an existing case and is usually replaced by the entry of a final judgment. Hodge v. Steinwinder, 919 So.2d 1179, 1182 (Ala. Civ. App. 2005). Pendente lite custody orders allow a trial court to take into consideration developments in the lives of the child and the parties that naturally occur during the gap in time between the filing of an action and the final hearing in the matter. Id.
"However, a 'temporary custody award' or a 'temporary order' as to custody is a 'final' custody award or judgment. Despite its name, a temporary order as to custody is intended to remain effective until a party seeks to modify it. It may be modified if the trial court reviews the case and determines that changed circumstances that warrant a modification have come into existence since the last custody award. 919 So.2d at 1182-83."
T.J.H. v. S.N.F., 960 So.2d 669, 672 (Ala. Civ. App. 2006). The juvenile court indicated that the March 4, 2014, order would be replaced by another order in approximately six months, after a trial and after the juvenile court would have an opportunity to determine whether the parents had complied with various requirements imposed upon them by the juvenile court. The juvenile court did not require the mother or the father to petition the court to seek a modification of the custody award to the paternal grandparents contained in the March 4, 2014, order. We also note that the mother asserts in her appellate brief that the March 4, 2014, order "was denominated as a 'temporary' custody order, [but] it is more properly characterized as a 'pendente lite' order." Based on the circumstances, we determine that the March 4, 2014, order was an interlocutory, pendente lite order that was replaced by the November 25, 2014, final judgment and that Rule 60(b)(4) is therefore inapplicable to the March 4, 2014, order.
The mother argues that, because the final judgment was predicated on a void pendente lite order, it is " 'tainted' " and " 'similarly without effect.' " M.G.D. v. L.B., 164 So.3d 606, 613 (Ala. Civ. App. 2014) (quoting 50 C.J.S. Judgments § 754 (2009) ). Assuming, without deciding, that the March 4, 2014, order was entered without affording procedural due process to the mother, that deprivation did not extend to the entry of the final judgment under the facts of this case.
Gatchel v. Gatchel, 356 So.2d 186, 187 (Ala. Civ. App. 1978), although not cited by the mother, is factually similar, but nonetheless distinguishable, from this case. In Gatchel, this court reversed the trial court's award of custody of a child to the child's paternal grandparents, who were not parties to the action, in a divorce proceeding between the child's parents. Id. at 187. The trial court placed "temporary" custody of the child with the paternal grandparents, who were not parties, after *969 a hearing. After a trial on the merits, the trial court divorced the child's parents and awarded "permanent" custody of the child to the paternal grandparents, who had never been made parties to the action. Id. This court, citing Anonymous v. Anonymous, 353 So.2d 515 (Ala. 1977), explained that the award of custody of the child after the trial to the nonparty paternal grandparents had violated the mother's procedural-due-process rights, despite the previous "temporary" award. Id. The paternal grandparents in this case, however, were made parties to the action, and the mother was advised that the paternal grandparents would retain custody of the child if the mother did not adhere to the juvenile court's orders.
The record demonstrates that, based on the juvenile court's March 4, 2014, order and the paternal grandparents' October 9, 2014, motion, the mother had the requisite notice that the paternal grandparents were parties to the case, that the paternal grandparents were seeking custody, and that custody could be given to the paternal grandparents following the trial. See Neal, 856 So.2d at 782 (quoting Frahn, 239 Ala. at 583, 195 So. at 761 )(explaining that procedural " 'due process... means notice, a hearing according to that notice, and a judgment entered in accordance with such notice and hearing' "). The juvenile court announced in open court in March 2014 that the paternal grandparents were being made parties to the action, that they would have custody of the child at least until the scheduled trial date, and that they would continue to have custody if the mother did not improve her situation. The March 4, 2014, order, whether procedurally irregular or not, put the mother on notice that the paternal grandparents had been added as parties to the action.[1] The paternal grandparents filed a motion for custody before the trial, the mother did not object to the paternal grandparents' intervention, and the mother's counsel argued against the paternal grandparents' receiving custody at the trial. Based on the facts contained in the record, we cannot hold that the November 25, 2014, judgment was entered without notice to the mother of the paternal grandparents' custody request and without the mother's having an opportunity to respond to that request so as to indicate that the mother was deprived of her procedural-due-process rights. Because no timely appeal was taken from the November 25, 2014, judgment, we cannot review the merits of the juvenile court's decision to place custody of the child with the paternal grandparents. Accordingly, because the mother's procedural-due-process rights were not violated by the entry of the November 25, 2014, judgment, we affirm the juvenile court's decision to deny the mother's Rule 60(b)(4) motion seeking to vacate the judgment.
AFFIRMED.
Thompson, P.J., and Pittman, J., concur.
Thomas and Moore, JJ., concur in the result, without writings.

We note that, even if the custody-placement provision in the March 4, 2014, order was void, an issue that we do not decide, the voidness of that provision would not necessarily dictate that the provision adding the paternal grandparents as parties to the action was also void. See 50 C.J.S. Judgments § 756 (2009) (footnotes omitted)("[A] judgment may be valid in part and void in part where the parts which are valid and void are separable[, and] [t]he fact that part of the judgment is void ... does not necessarily invalidate the entire judgment.").